### Mead Administrator of Lee *vs.* Mallet and Swift.

If a collector of land tax, omit to lodge in the town clerks office, or other proper office, an account of his proceedings, within thirty days from the close of his vendue, for the sale of lands, his sales are void, and no title is acquired under such vendue.

THIS was an action of ejectment for a farm of land in Manches- *Bennington* *February.* ter.   On trial to the jury upon the general issue, the plaintiff made *1814.* out an apparent good title on record, and proved that he died, seized of the premises demanded.

The defendants then set up a title in one of the defendants, (the other being a tenant) by virtue of a vendue sale of the premises, by Bull, constable of the town of Manchester, and collector of a land tax of one cent on the acre, granted by the legislature in October, 1797.

The act granting the tax was read, and the defendants offered in evidence, a copy of the record of the proceedings of the collector in the vendue, certified by the town Clerk of Manchester.   It appear- ed by the copy of the record, that the proceedings of the collector were regular, and that his vendue for the sale of lands, was closed, on the thirty first day of July, 1799; and that a copy of his pro- ceedings were lodged in the town Clerk's office, on the fourth day of March, 1800.

Bennington
February.
1814.

Mead
vs.
Mallet and
Swift.

*Sperry*, for the plaintiff, objected to the evidence. It appears by the copy of the record from the office of the town Clerk, that the collector completed his sale of lands on the thirty first day of July, 1799, and that he did not lodge in the office of the town Clerk, a copy of his proceedings until the fourth day of March, 1800, more than six months after the close of his vendue. By an act of the legislature passed the 5th day of November, 1799, entitled an act, directing collectors of land taxes in their office and duty, it is enacted, " that every collector of land taxes shall, within thirty days after completing the sale of any township, cause his proceedings to be recorded in the proper office, for the recording of deeds." As the collector has failed of complying with this plain requisition of the statute, his sales are void. The principle, so well settled, that no person can be divested of his property, without his own consent, by the mere operation of law, unless the law be strictly pursued, is obviously applicable to this case.

*Langdon*, for the defendants, contended that the act, requiring the collector to lodge in the office of the town Clerk, a copy of his proceedings, within thirty days, after completing his sales, is merely directory, and was not intended to affect sales which had been regularly made.

*By the Court.* Whatever might be considered as the true construction of the act, were it *res integra*, it must now be considered, that, if a collector of a land tax, neglect to lodge in the proper office, an account of his proceedings, within thirty days from the close of his vendue, agreeably to the provisions of the act, his sales are void. Such has been the uniform construction of the act, ever since it was passed. On the faith of this construction, numerous estates in land have been bought and sold, and are now holden, and, it would be productive of great injustice now to disturb it.

Verdict for the plaintiff.