JOSEPH MYERS *vs.* THOMAS BROWNELL.                    *Bennington,*
                                                       *February,*
[*See* 1 *D. Chip. Rep.* 448.]                         *1827.*

A party, to entitle himself to a new trial on the ground of newly discovered evidence, must show (by affidavits,) that the evidence has been discovered since the trial, that no laches are imputable to him, and that the testimony is material.

And although a new trial will not be granted on the discovery of new evidence merely cumulative, and which may still leave the cause doubtful; yet, though it be to a material point *before litigated,* if it place the point beyond doubt, which was before left doubtful, so that it is apparent injustice has been done, a new trial will be granted.

All applications for new trials, for this cause, are addressed to the sound discretion of the Court:

PETITION by the plaintiff for a new trial, on the ground of newly discovered evidence. The case was argued by *Bennett,* for the plaintiff, and by *Sheldon* and *Robinson,* for the defendant.

The facts developed on the hearing, necessary to a proper understanding of the case, will sufficiently appear in the following opinion of the Court, which was pronounced by

PRENTISS, J. This is a petition, founded on new discovered evidence, and brought pursuant to the statute, after judgment, for a new trial in an action of ejectment for certain lands in *Pownal.* Both parties claimed title to the lands under *Samuel Card.* The plaintiff derived title from the levy of an execution, issued on a judgment rendered in a suit in his favour, and against *Card,* in which the lands were attached on the 15th of November, 1820. The defendant's title was derived from a mortgage deed from Card to him, dated March 3d, 1817, and lodged in the town clerk's office the same day, on which were endorsed, under the signature of the town clerk, the words——— "Received in the office, to be recorded when thereto directed, March 3d, 1817," but which was not recorded until August, 1821. The question on the trial, was, which was entitled to priority, the defendant's mortgage or the plaintiff's attachment. As the mortgage was not recorded until after the attachment, the attachment would have priority, unless the record of the mortgage would have relation to the time the deed was lodged in the town clerk's office, which could not be, unless it was left to be recorded, or, rather, if it was lodged, with directions not to record it until further orders. The only material fact in issue, therefore, was, whether the deed was lodged with the town clerk for the purpose of being recorded, or with directions not to record it until further orders.

*Thomas Bannister,* the town clerk, testified, on the part of the plaintiff, that the defendant and Card came to his house together, on the 3d of March, 1817, when the defendant presented to him the mortgage deed, and requested him to file it for record, but not to record it until further orders; that the defendant and Card both requested him not to mention the circumstance to any one, but to lodge the deed away from the rest of his office papers, and if any one should call to inquire respecting it, to refer them to the records, that it might not be

Bennington,
February,
1827.

Myers
vs.
Brownell.

known to Card's creditors ; that he complied with the request, and lodged the deed in another room with his private papers, where it remained until August, 1821, when he was directed by the defendant, for the first time, to record it; that when the deed was handed him, he filed it for record in the usual way, and a year or two afterwards, he wrote on the deed "not to be recorded until directed," which words were added to prevent his recording the deed by mistake until he was directed. On the part of the defendant, *Samuel Card* and *Mumford Eldred* testified, that they went with the defendant to the town clerk's office, at the time the mortgage was left there, and that the deed was lodged in the usual way for record, and not with directions not to record it until further orders. Four witnesses testified that the character of Mumford Eldred for truth was bad. On this testimony, which appears to be all the material testimony given on the trial, the jury returned a verdict for the defendant.

Since the trial, the plaintiff, as he alleges, has discovered the testimony of *Samuel Wright*, and on his testimony the application for a new trial is founded. Wright testifies, that, in February, 1821, the day before the defendant bought and took a deed of Card's farm, the defendant told him that he was bail for Card to the bank of Troy, and to others, to a considerable amount, probably $4000 in the whole; that Card had gone off, and he was fearful he should suffer a loss, unless he could get secured on Card's farm ; that several years previous to that time he had taken a mortgage deed from Card for his security, and carried it to the town clerk, and had it filed for record, but did not direct to have it recorded, but at Card's request, he consented to have it lodged away, for Card was some in debt, and was fearful it would hurt his credit, and stop him in his droving business ; that there was talk of taking up the mortgage in six months, and making a different arrangement, but he had neglected to do it, thinking that he and Card should trade for the farm, and had never got the mortgage recorded, and he was fearful it was lost, or that Card had taken it up, and he did not know but by his consent, that the defendant concluded to go that night and find Card, and get a deed of his farm, which he afterwards said he had got, but had to give more for the farm than it was worth, but could do no better ; and that the defendant also said he had got security from Card and his sons against the claim or attachment of the plaintiff.

To entitle a party to a new trial on the ground of new discovered evidence, it must appear, that the evidence has been discovered since the trial, that no laches is imputable to the party, and that the testimony is material. The plaintiff swears that the testimony of Wright was wholly unknown to him at the time of the trial, and Wright himself says, that the facts within his knowledge were not communicated by him to any one until after the trial. The evidence, therefore, appears to be new discovered, and we see no ground for imputing laches

to the plaintiff. With respect to the materiality of the testi- <span style="float:right">*Bennington,* February, 1827.</span>
mony, there appears to be as little doubt. It is testimony to
the declarations of the defendant himself as to the manner in
which the mortgage was lodged in the town clerk's office, and <span style="float:right">Myers *vs.* Brownell.</span>
the purposes and objects for which it was left there. It is ob-
jected, however, that the testimony is merely cumulative, and
is, therefore, no ground for a new trial. It is true, as a gene-
ral rule, that a new trial will not be granted for the discovery
of cumulative facts and circumstances, relating to the same mat-
ter, which was principally controverted at the former trial.
It has been well observed, that it often happens that neither of
the parties know of all the persons who may be acquainted with
some of the circumstances relating to the point in controversy,
and if suggestions of this sort were listened to, there would be
no end to litigation. But this rule must be taken in its proper
sense, and is not to be understood as precluding a new trial in
every case, where the new testimony relates to a point contested
on the former trial; for if it were so, a new trial could seldom
if ever be granted in any case. The rule, when properly ap-
plied, is a salutary guide to the discretion of the court; and
where the testimony is strictly cumulative, and merely increas-
es the weight of evidence, leaving the cause still in doubt, a
new trial will not be granted. But when the point was left
doubtful by the testimony on the former trial, and the new dis-
covered testimony will remove all doubt, or it is apparent that
injustice has been done, it is certainly reasonable, and violates
no rule, to grant a new trial. Indeed, every application for a
new trial is addressed to the sound discretion of the Court;
and though the law has prescribed general rules for the regula-
tion of this discretion, yet each application, after all, must de-
pend, in a great measure, on the particular circumstances of
the case. In *Lister* vs. *Mundell*, 1 *Bos. & Pul.* 427, the court
observed, that though it was unusual to grant a new trial on ev-
idence contradicting the testimony on which the verdict had
proceeded, discovered after the trial, yet, as the facts on which
two of the witnesses had founded themselves at the trial, were
falsified by the affidavits produced, they thought it afforded a
sufficient ground for a new trial. The new discovered testimo-
ny in the present case relates to the same fact controverted on
the former trial; but it is very obvious, that if the witness is to
be credited, it is testimony of a very conclusive character.
The mortgage, it appears, lay in the town clerk's office more
than four years before it was recorded, without any inquiry be-
ing made by the defendant respecting it; and from this fact a
presumption arises, that it was not intended that it should be
recorded. The town clerk swore unequivocally that the direc-
tions were not to record it, and his testimony was corroborated
by his certificate on the deed. *Card* and *Eldred* swore that
the deed was left in the usual way to be recorded; but *Card*,
who was the grantor, from his situation, and especially if a
fraud was intended, cannot be regarded as an entirely indiffer-
52

ent witness; and *Eldred*, it appears, was effectually impeached on the trial. The new discovered testimony shows that the defendant explicitly declared, that the deed was left with directions not to record it, and the reasons why such directions were given. Although testimony as to the declarations or admissions of a party, is in general to be weighed with caution, yet, when the declarations appear to have been understandingly made, and are satisfactorily proved, they are strong evidence against him. The testimony does not relate to mere detached parts of a conversation, or loose accidental declarations, but gives a clear account of a full and connected conversation on the subject of the deed, disclosing all the circumstances attending it, and if believed, must be decisive of the case. No objection is made to the credibility of the witness, and, on the whole, we think that a new trial ought to be granted.

New trial granted.

*Blackmer* and *Hall*, and *M. L. Bennett*, for the plaintiff.

*D. Robinson Jr. D. Sheldon*, and *O. C. Merrill*, for the defendant.