FOR THE

## COUNTY OF LAMOILLE.

APRIL TERM, 1843.

PRESENT.

Hon. STEPHEN ROYCE, }
Hon. MILO L. BENNETT, } ASSISTANT JUDGES.
Hon. WILLIAM HEBARD, }

---

GEORGE CARPENTER *v.* WM. P. SAWYER & CHARLES JEWETT.

Under the third section of the statute of 1807, relative to the sale of lands for non-payment of taxes, which required the town clerk to record, within a specified time after the sale, " the advertisements at length, and the title, the volume, the number and the date of the papers in which they were inserted," it was held that a record of such advertisements, made by the town clerk from the copy of the same, certified by him, in the sales book of the collector, was not a compliance with the statute, and that the collector's deed of land sold, when the record had been thus made, was of no effect to prove the title;—and it was held that the fact that the record was thus made might be shown by the parol evidence of the town clerk who made the record.

TRESPASS *quare clausum fregit.* Plea not guilty, and trial by jury.

The plaintiff claimed title to the premises in question, under a

16

vendue deed to him from Luther Kidder, collector, dated June 6th, 1834, and, in support of said deed, offered in evidence an act of the legislature, passed October 31st, 1831, granting a road tax, of which tax said Kidder was collector, and an act passed November 3d, 1831, annexing part of Belvidere to Eden; also said Kidder's sales-book, with the entries and certificate therein, and the record of the proceedings relating to said tax and vendue, as made in the book of records of said town of Eden.

The defendant then called William H. Isaacs, the town clerk who made said record, as a witness to prove the facts hereinafter detailed, as testified by him. The plaintiff objected to his competency as a witness, on the ground that his testimony tended to contradict, or invalidate, his records as town clerk; but the objection was overruled. He testified, that, at the date of his first entries and certificates appearing in said sales-book, said collector lodged said book in the town clerk's office, as a return, or account, of his sales and proceedings, together with all the newspapers containing the advertisements of the committee and collector; that the witness then compared the advertisements, as entered in said sales-book, with all the newspapers aforesaid, and made and signed the entries and certificates in said book, to which his signature appeared, of that date; that the newspapers were thereupon carried from the office by judge Chandler, and the witness had never seen them since; that the sales-book was also taken away by said Kidder, and retained for several days, but, within thirty days from the completion of the sales, was again lodged in his office by said Kidder, and the witness thereupon proceeded to make the record in the book of records, as the same now appears, and that said record was made by copying said sales-book, and the said entries and certificates of the witness appearing therein.

The court rejected the vendue deed, and a verdict was returned for the defendants. The plaintiff excepted.

After argument by *S. A. Willard,* for plaintiff, and *J. Sawyer,* for defendants, the opinion of the court was delivered by

BENNETT, J. The plaintiff claims title under what is called Kidder's vendue. At the last term of this court, in this county,

in the case of *Isaacs* v. *Chandler and others,*[*] in which was involved the validity of this same vendue, it was held, that parol evidence, of the character of that which was admitted in the county court, was admissible to invalidate the title claimed under the collector's sale. This, of course, settles the general question; but it is now insisted that this testimony cannot come from the town clerk himself, as it would tend to impeach his official conduct. As the testimony, in its character, is admissible, it is difficult to discover any rule of law, which will exclude the town clerk from being a witness. It is not claimed that he is incompetent on the ground of interest, and no authority is shown, that he should be excluded upon principles of policy. Whether the court would compel him to testify to facts tending to invalidate the *prima facie* effects of his record, is not now a question before the court.

It is a common case, in practice, to show by parol that a deed, *filed for record,* was not intended to be recorded until farther directions should be given;—and this too by the town clerk himself. See *Myers* v. *Brownell,* 2 Aik. 407. So, between other parties, an officer's return may be contradicted by parol evidence. Though the service may be held conclusive between the parties to the suit and their privies, yet I am not aware of any case giving it a conclusive effect against strangers. Judge Cowen, in his notes to Philip's Evidence, 1091, says, on the general principle that an officer cannot impeach his return in an action against himself, it has been said, he is not a competent witness for such a purpose, in other cases. The case of *Meredith* v. *Shewall,* 1 Penn. R. 496, is cited for the doctrine. How far that case sustains such a position, I am unable to say ; but, from the manner of Judge Cowen's citing it, I should infer it was but the *obiter* opinion of a single judge. No authority, save that one, is cited by Judge Cowen ; and he does not speak of such a doctrine as a settled principle, but is satisfied with saying, " it has been so said." No case has been cited at the bar, and I think such a principle would be an innovation upon the rules of evidence.

The next question is, what should be the effect of the parol

---

*Not reported.

evidence, given in this case, upon the validity of the vendue? The statute requires the collector, within one year from the time fixed for the sale of the lands, to present to the town clerk a certificate of the oath by him taken, his warrant, and all the newspapers containing the advertisements, &c., and requires that these shall all be recorded, &c. See statute, Slade's Comp. 667. The statute that says the clerk shall record the advertisements at length, and the title, the volume, the number, and the date of the papers in which they were inserted, and the place were such paper was printed; and a copy of such record, certified by the clerk, is made full evidence of all such facts. The parol evidence shows that the clerk did not record the advertisements themselves, from the newspapers furnished him, which contained them, but made his records from copies furnished him upon the collector's sales-book. Is this a compliance with the statute? It is a principle of common law, that a copy of a certified copy of a record is not evidence. The reason is, that the more removed the copy offered in evidence is from the original, the greater is the liability to an inaccuracy. The objection would not be obviated, though each copy be examined and compared by the same individual. In the present case, the record is two removes from the original advertisements. The statute requires the clerk to record the advertisements themselves, from the newspapers. It cannot avail the party, that the town clerk had examined and compared the copies of the advertisements upon the collector's sales-book with the advertisements in the papers, and found them accurate, and that from these copies, be made the record; neither would it be of avail to show that the record of the town clerk, is in fact, a true transcript of the original advertisements. The statute is imperative in its terms, and we think, for obvious reasons, no other medium of making the record, than the one pointed out, should be resorted to.

There has not, then, been a compliance with the statute, in this respect. It is not denied, as I understand, that, if the requisitions of the statute have not been complied with, the effect must be to render a title under the vendue unavailing.

The courts have been, generally, somewhat astute in requiring a strict compliance with the statutes relative to the sales of lands, for

the non-payment of taxes. See *Mead.* v. *Mallett et al.* 1 D. Chip. 239; *Culver* v. *Hayden*, 1 Vt. 359; *Richardson* v. *Dorr*, 5 Vt. 16; *Spear* v. *Ditty*, 9 Vt. 283; *Sumner* v. *Sherman, et al.*, 13 Vt. 609.

The result is, the judgment of the county court must be affirmed.