LA FAYETTE LYON v. ENOS ADAMS.

*Book Account. Nonsuit. Practice.*

The plaintiff in an action on *book account* is not at liberty to become *nonsuit* after judgment to account, and after the case goes before the auditor.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and auditors were appointed.

June term, A. D. 1851, of the county court, on the first day of the term, the plaintiff entered on the docket of the court a *nonsuit;* and afterwards on the same day the defendant filed the report of the auditors. The plaintiff claimed the right of entering a *nonsuit* in the case; to which the defendant objected, and claimed judgment on the report of the auditors. Whereupon the county court,— PIERPOINT, J., presiding,— rendered judgment on the report for the defendant, and that plaintiff has not the right to enter a *nonsuit.* Exceptions by plaintiff.

The above presents the only question arising in the case.

*Robinson & Sibley* for plaintiff.

Nonsuits are of two kinds, voluntary and involuntary. Voluntary, when there is an abandonment of the cause by plaintiff and judgment against him for costs. Involuntary, when the court order such judgment to be entered. 2 Kinnie's L. Comp. 281.

Nonsuits of the latter kind are ordered in many States, but never are allowed in this State against the will of the party. *French* v. *Smith et al.*, 4 Vt. 363. Arch. Pr. 211.

A nonsuit of the first character involving the right of a party to withdraw his suit, it is believed, was never denied to the party in this State or England, at any time before the judgment is rendered on a verdict of a jury.

*J. L. Stark, T. W. Park* and *N. B. Hall* for defendants.

It has been held in many cases, that leave must be had from the court to enter a *nonsuit*, and then must be claimed before trial. *Lock et al.* v. *Wood*, 16 Mass. 317. *Cate* v. *Pecker et al.*, 6 N. H. 417.

When leave of the court is obtained, it must appear that the

Lyon *v.* Adams.

plaintiff has good cause of action, and that he without fault has mistaken the grounds of his right. *Dow* v. *Hinesburgh et al.*, 2 Aik. 18.

After judgment to account and appointment of auditors, who may in certain cases proceed *ex parte*, and pending this rule, the plaintiff had not the right to enter a nonsuit. *Haskell* v. *Whitney*, 12 Mass. 47. Comp. Stat. of 1850, p. 289, § 4.

By THE COURT. The only question arising in the present case is in reference to the right of the plaintiff in *book account* to become *nonsuit* in the action, after the case goes before the auditor. The general rule of practice in regard to actions, triable by jury, is to allow the party, as matter of right, to enter a *nonsuit*, at any time, before the verdict.

But that rule does not apply to the action of book account, after judgment to account. The statute, by providing, that when either party, upon due notice, neglects to appear, the auditor may proceed to audit and adjust the account *ex parte*, seems to imply pretty clearly, that the plaintiff can no more withdraw from the case and become *nonsuit*, than in common law actions he can, after judgment upon *demurrer*, or by default, or *nil decit*, in his favor. And in such cases it is not matter of right for the plaintiff to become *nonsuit*. The case after judgment to account is under the control of the court, like a case referred, by consent of parties, under a rule of the court. The plaintiff is not at liberty to become *nonsuit*.

What would be the effect upon the plaintiff's account, where he never presents it before the auditor, or having presented it, withdraws it, we are not called upon to decide. We see no reason to doubt, however, that where the account of the plaintiff is only brought to the knowledge of the auditor, or justice, by the defendant, as in the case decided by this court, in this county, and cited in argument, it could not bar the claim.

Judgment affirmed.