## WILLIAM H. JOY v. JOHN WALKER.

### *Amendment.*

The declaration in an action of account cannot be amended, so as to introduce a new and distinct claim, after the coming in of the report of the auditors, unless the report is first set aside; and if then amended, the defendant may plead *de novo.*

ACCOUNT. The declaration charged the defendant as bailiff of a certain farm of the plaintiff, and of nineteen cows, and nine and a half tons of hay upon the same. At the term when the suit was entered, the defendant filed a declaration on book, in offset, upon which a judgment was rendered at a subsequent term, for a balance of $ 72.46, reported in his, (the defendant's) favor; and at the same term a judgment to account, was rendered in the original action; and at a still subsequent term, a report was made in favor of the plaintiff, to which the defendant filed exceptions, during the pendency of which, at the April Term, 1855,—UNDERWOOD, J,, presiding,—the plaintiff moved for, and obtained leave to amend, and did amend his declaration, so that when amended it charged the defendant as bailiff of the swine and stock upon the premises, and of the grain furnished by the plaintiff for feeding the same, in addition to the property first above mentioned. This motion was resisted, and the decision of the court granting leave, was excepted to by the defendant. After the allowance and making of said amendment, the defendant, by leave, demurred to the declaration as amended, and, upon hearing, the demurrer was sustained. To this allowance and sustaining of the demurrer, the plaintiff except-

ed. The defendant claimed to recover, upon the judgment rendered in his favor upon the demurrer, the amount recovered by him upon his declaration on book; but the court rendered judgment in favor of the defendant for his costs only, to which the defendant also excepted.

*A. Stoddard* and *C. K. Field* for the defendant.

The amendment ought not to have been allowed. It introduced a new cause of action; *Emerson* v. *Wilson,* 11 Vt. 359; *Carpenter* v. *Gookin,* 2 Vt. 495.

The amendment was offered too late. The declaration cannot be amended after verdict, except in matters of form; 1 Bac. Ab. 248; *Rowell* v. *Bruce,* 5 N. H. 381; 1 Burr. Prac. 476.

Cases like the present have been repeatedly before the court; but it does not appear ever to have occurred to counsel or the court that items omitted in the declaration, but passed upon by the auditor, could be added by way of amendment.

The amendment operates as an injury to the defendant, and has a tendency to deprive him of the benefit of his offset; 1 Burr. Prac. 476; *Dodge* v. *Tillotson,* 12 Pick. 328.

To the amended declaration the defendant was entitled to plead *de novo;* 1 Burr. Prac. *ub. sup.*; 12 Pick. 328.

——————— ——————— for the plaintiff.

The court had power to grant the amendment. The amendment neither changed the form of action nor the parties, nor introduced any new cause of action, but was simply more perfectly and definitely describing the plaintiff's cause of action, which was before, perhaps, defectively stated; and to this extent the power of the court has never been questioned.

The amendment furnished no ground for the demurrer. Nor did it operate any injury to the defendant, for all the matters covered by the amendment had been adjudicated upon by the auditor.

The opinion of the court was delivered by

REDFIELD, CH. J. We think it very obvious, in the present case, that if the amendment was allowed properly, it did entitle the other party to plead anew to the amended count. And the conse-

quence will be that the report should be set aside, and the trial be-gin anew from the point of the amendment. For the amendment was certainly material; and did introduce a new and distinct claim, not before described in the declaration, or was evidently intended to do so. It was a claim which the defendant had had no oppor-tunity to answer, and upon which no judgment to account had passed, and which had not been referred to the auditor, and which the defendant might have omitted to defend against, upon that ground.

This being the necessary result of allowing such an amendment at this stage of the proceedings, we think it not competent to allow it until the report is set aside, and all the proceedings subsequent to the declaration swept away. It is certain no such course was ever dreamed of, in practice, in this state before. For if this mode of making the declaration conform to a report in the action of ac-count could avail, the decisions which we have made upon the sub-ject, setting aside reports, after great expense in litigation, because it was of matter not embraced in the declaration, might have been much more readily remedied. Amendments in New York, in mat-ters of variance, are made after verdict; and so in the English prac-tice. But in both cases, I think, upon examination, it will be found to be done by statutes specially providing for such amendments. But whether that be so or not, it is very different from allowing an amendment introducing a new class of claims, not attempted to be described in the original declaration. And although we regard the amendment as competent to be made, before the case went to the auditor; yet, after the report, it clearly could not be done unless the report was set aside.

We have decided the party cannot then become non-suit, because the matter is then fixed, and as much beyond the control of the party, as after judgment; *Lyon* v. *Adams*, 24 Vt. 268.

The rule in regard to amendments, in the court of chancery, is perfectly well settled. The orator cannot amend his bill after the parties are at issue, unless, by permission of the court, the replica-tion is withdrawn. If an amendment is then made, as it sometimes is, even after testimony is taken, the defendant is at liberty to plead, answer or demur, and the issue is to be tried anew, the same as if nothing had been done, and the defendant may insist

upon having all the witnesses examined anew. We think the same rule, substantially, is applicable to cases at law. After issue join-ed, if the party have leave to amend, all that has been done in the case goes for nothing. And if the court allow·an amendment in the declaration in important points, retaining the verdict, or report of auditors, where the amendment is of a character to change the course of the defense, it is error, and the order should be vacated.

Judgment reversed, and the order of the county court, allowing the amendment of the declaration, set aside. Continued, for hear-ing on the report.