JOHN STEARNS *v. The Administrator of* SARAH STEARNS.

*Appeal from the decision of commissioners on claims against deceased persons. Offset. Married woman's choses in action. Pleading.*

The effect of an appeal by a claimant from the allowance by commissioners of an offset to his claim against the estate of a deceased person, is to vacate the decision of the commissioners both as to the offset and the principal claim. ALDIS, J.

If the consideration of a note executed to a married woman consists of her property, or proceeds from her as the meritorious cause, it becomes her *chose in action* and passes to her administrator, unless reduced to actual possession by the husband before her death.

The fact that a note is made payable to a married woman during coverture, and is expressed to be for value received, imports, *prima facie,* that the consideration proceeded from her or her real or personal estate.

An averment in pleading that notes which were given to a married woman during coverture " became and were the sole property of the husband," is not a sufficient averment that the husband reduced them to his actual possession.

A claimant appealed from the allowance by commissioners on the estate of a deceased person of an offset to his claim, and filed in the county court a declaration in book account. An auditor was appointed, but before his report was filed, the administrator filed a declaration in assumpsit in offset. The auditor reported nothing due to the claimant on book account. *Held,* that the county court should, nevertheless, proceed and try the claim in offset, and render judgment thereon.

APPEAL from the decision of commissioners on the estate of Sarah Stearns, deceased. The facts in the case sufficiently appear from the opinion of the court.

*F. Potter,* for the plaintiff.

1. The plaintiff's plea to the declaration in offset is sufficient. The plea alleges that the notes became and were the property of the husband during the wife's lifetime. This is admitted by the demurrer.

A note payable to the wife does not belong to her administrator if the husband survives the wife, unless the consideration of it was

the wife's real estate.    12 Pick. 173 ; 8 Mass. 229 ; 1 East 432 ;
17 Vt. 626 ; 2 Conn. 565 ; 24 Vt. 121.

2. A plea in offset is a matter of defense to another suit and not
an independent proceeding.    Hence, if the original suit be in any
manner disposed of, either by a discontinuance, nonsuit, by a
demurrer or anything which defeats it, the offset falls with it.    11
Mass 206 ; *Allen* v. *Rice*, 22 Vt. 333.

*Edgerton & Hodges*, for the defendant.

1. The notes pleaded in offset were the property of the intestate
and passed to her administrator.    They are themselves, in the
absence of other evidence, proof that her estate furnished the con-
sideration for them.    *Philliskirk* v. *Pluckwell*, 2 M. & S. 395 ;
*Richardson* v. *Daggett*, 4 Vt. 336 ; *Driggs* v. *Abbott*, 27 Vt. 580 ;
*Holmes* v. *Holmes*, 28 Vt. 765.

2. The amount due upon the notes should have been allowed in
the present proceeding.    Comp. Stat. 351 sec. 10—354 secs. 23, 24.

The plaintiff having *presented* a claim it became the adminis-
trator's duty to exhibit the notes in offset.    This gave the commis-
sioners and the appellate court jurisdiction of both claims, and sec-
tion 10 of the Compiled Statutes required them to decide upon the
entire indebtedness between the parties.    *Allen* v. *Rice*, 22 Vt.
333, is a case of *abandonment* on the part of the claimant, and is
not analogous to the case at bar.

The fact that the plaintiff's claim on book was adjusted by an
auditor renders it no more difficult for the jury " to find, generally,
the sum in arrear from either party," than in other cases where the
jury adjudicate upon both claims.    In the one case the jury act
upon the finding of the auditor as to the plaintiff's claim, and in
the other upon their own, and in either case " the sum in arrear"
is the basis of the verdict.

The opinion of the court was delivered by

ALDIS, J.    The plaintiff presented his claim on book account
before the commissioners on the estate of Sarah Stearns.    The
defendant, administrator of Sarah Stearns, in compliance with the
10th section of chapter 52 of the Compiled Statutes, also exhibited
the claims of the deceased in offset to the claims of the plaintiff.

Upon the coming in of the commissioners' report, the plaintiff appealed from their decision, allowing the offset of the defendant, to the county court. The effect of such appeal was to vacate the decision of the commissioners both as to the claims of the plaintiff and the claims of the defendant in offset. In the county court the plaintiff filed his declaration on book, and the case was referred to and tried by an auditor. Before the auditor filed his report the defendant filed a declaration in offset to the plaintiff's declaration on book. The auditor reported there was nothing due on book from the estate of Sarah Stearns to the plaintiff, and the report was accepted. Thereupon the plaintiff insisted that as his declaration on book had failed and there was nothing to which the offset could apply, he ought not to be held to answer to the declaration in offset. The court held him to answer, and thereupon he pleaded in bar that the two notes set forth in the declaration in offset were executed by him to Sarah Stearns while her husband was living, and thereby became the property of her husband, and after his death went to his (the husband's) administrator. To this plea the plaintiff demurred. The county court adjudged the plea insufficient, and the first question that arises in this court is as to the sufficiency of the plea.

The notes in question were executed and made payable to the wife while her husband was living, and are expressed to be for value received. Nothing further appears in the case to show whether they were or were not given for her separate property, or whether the meritorious consideration of them proceeded from her. If the consideration of the notes was her real or personal property, or proceeded from her as the meritorious cause, they became her choses in action, though executed to her during coverture, and upon her death pass to her administrator. They always remain her property until reduced to actual possession by the husband. The cases of *Driggs, administrator,* v. *Abbott,* 27 Vt. 580, and of *Holmes* v. *Holmes,* 28 Vt. 765, are directly to this point.

The precise question in this case is, what is the presumption of the law as to the consideration which arises on the face of the notes in the absence of all other proof.

We think the fact that they were made payable to her and are for value received, imports, *prima facie,* that the consideration

proceeded from her or her real or personal estate. If it were not so it would be strange that they should have been so written. When a note belongs to a married woman, it is usual to make it payable to her, in order to distinguish it from notes belonging to the husband. To this point the case in 2 Maule & Sel. 395, *Philliskirk* v. *Pluckwell,* seems to be a direct authority.

The averment in the plea that the notes "became and were the sole property" of the husband, is not a sufficient averment that the husband reduced them to his actual possession, but is rather the legal conclusion which the pleader draws from the previous facts stated in the plea.

After the plea was adjudged insufficient and the defendant became entitled, by his proof and the finding of the court, to a judgment upon his declaration in offset for the amount due on the two notes, the plaintiff renewed his objection that, as his claim was disallowed by the auditor and the county court, the administrator was not entitled to a judgment on the notes — that the offset must fall with the claim to which it was pleaded in offset. On this ground the county court disallowed the offset.

There is no doubt that at common law the claim in offset could not have been made the basis of a separate judgment, as an offset was strictly held to be in the nature of a defense to the original suit, and no judgment could be rendered for a balance due a defendant. But the statutes of this state regulating offsets have materially changed the rules of the common law. By our statute not only may the defendant plead in offset, but the plaintiff may reply and plead an offset to the defendant's offset, and the jury are "to find such sum as shall be in arrear from either party."

The mode of proceeding when a declaration *on book* is filed in offset, or when an offset is pleaded *to such* a declaration, is regulated by specific enactments which seem based upon the same principle that there shall be judgment for the balance due, but are modified to adapt it to that form of action. If the plaintiff had filed a declaration of assumpsit instead of book account in the county court, and a plea in offset like this had been filed, it would have been for the jury to have found the sum in arrear to either party. If he had brought assumpsit and the defendant had pleaded a delaration on book in offset, the trial in the action on book must

first have been had and the sum due thereon ascertained, and then on the trial of the original action the balance to or from either party would have been ascertained, and judgment rendered for such balance in favor of the party entitled to it.

But in this case, as a declaration on book was filed in the county court and the statute requires that the plea in offset shall not be tried till the sum on account has first been ascertained, and as nothing is found due on book, the plaintiff claims that the plea in offset shall not be tried at all, and that the ordinary rule of ascertaining and rendering judgment for the sum in arrear does not apply. The establishment of such an exceptional case would be founded wholly upon the form of the proceeding, upon the circumstance of having the action on book tried first, a mode of proceeding in no way affecting the merits of the controversy or the rights of the parties, but adopted probably on the ground of convenience. The controversy between the parties might be precisely the same as to its subject matter that it is now, only change the plaintiff's form of action from book account to assumpsit, and then there would be no question but that judgment could be rendered for the sum in arrear. Indeed, in this case if the plaintiff had recovered any sum, no matter how small, the defendant could without question have proceeded to the trial of the plea in offset, and have recovered the balance due. We are not disposed to impair the completeness of our law in regard to offsets, for reasons growing out of mere matters of form or the analogies of the common law, when the doctrine of the common law from which the analogy is drawn has been superseded by our statute regulations and has ceased to exist in this state.

The 10th section of chapter 52 of the Compiled Statutes provides that when a claim is presented to commissioners, the administrator shall exhibit the claim of the deceased in offset thereto. If an appeal is taken from the allowance of such offset, as in this case, its effect is to vacate the decision of the commissioners in allowing the offset, and the necessary result is that the claim is brought into the county court. It will be perceived that the statute does not leave it optional with the administrator to present the claim of the estate before the commissioners. It is made by

statute *his duty* to present it, and the commissioners are to ascertain and allow the balance against or in favor of the estate, as they shall find the same to be. As the probate commissioners were thus clothed with this power in this case, the fair analogy of the law would seem to be in favor of preserving the same power on the trial in the higher court.

The case of *Allen* v. *Rice*, in the 22d Vt., decides that where commissioners allow a claim to the creditor and an offset to the estate, and the estate appeals from the allowance of the creditor's claim, such appeal vacates both the allowance to the creditor and the allowance in offset. In that case the claimant abandoned his claim and no proceedings whatever were had in the county court. In this case the claimant entered his appeal in the county court and persisted in the endeavor to sustain his claim till final judgment was rendered against him on the auditor's report. After the trial before the auditor he was not at liberty to enter a nonsuit, as was decided in *Lyon* v. *Adams*, 24 Vt. 268. The plaintiff having thus pressed his litigation to the very extent of the law, and persisted so long as he could hope to reap any advantage by it, and having reached a point where he could not prevent having his own claim concluded by a judgment against him, and having obliged the administrator by the appeal to come into the county court, there seems no equity in his objection that, having failed himself in the prosecution of an untenable claim, his failure shall preclude the defendant from obtaining final judgment on the claims in behalf of the estate.

A contrary decision would not only mar the law in regard to offsets, but might, by lapse of time, work serious injury to the defendant's rights.

We are not called upon in this case to decide whether an administrator, omitting to present the claims of the estate before the commissioners pursuant to section 10 of chapter 52 of the Compiled Statutes, would be barred, or to what extent and how far his rights and the claims of the estate would be preserved by the 18th section of the same chapter. The provisions of that section, that if the administrator brings a suit instead of presenting his claims before the commissioner, the claimant may plead his claims

in offset, and all mutual claims may be offset, and the balance certified to the probate court indicates that the general law in regard to offsets was not intended in such case to be infringed.

The judgment of the county court disallowing the offset is reversed, and judgment rendered for the defendant to recover the amount due upon the two notes.