LOEL BARTLETT *et ux. v.* WARREN BOYD.

*Mortgage. Chancery. Practice. Town Clerk. Evidence.*

When two mortgages on the same property, one in favor of the husband and one in favor of his wife, were joined in the same petition for foreclosure, *held* that the objection of misjoinder not being taken by plea, answer or demurrer, must be considered as waived.

When a mortgage is held and owned by the wife as her *separate property*, the husband cannot properly be joined as a co-plaintiff to foreclose it, but the objection should be taken by demurrer, and if not so taken, it cannot be insisted upon at the hearing.

A warranty deed by the husband does not estop the wife from enforcing a prior mortgage on the same property held by her as her separate property against the husband's grantee, and those holding under him.

The certificate of a town clerk on a deed, of the time when it was received into his office, pursuant to the statute, (Comp. Stat., pp. 117, 118,) is only *prima facie* evidence of the facts recited in the certificate, and may be contradicted by parol proof.

This was a petition to foreclose three mortgages on the same property. Answer and traverse.

The case was referred, and the facts presented for the consideration of the court sufficiently appear in the referee's report.

The referee reported that Alvah E. Hill and wife, Sarah S. Hill, mortgaged the premises in question to one Chloe Robinson, by deed, bearing date August 13, 1853, to secure the payment of a note of $100, with interest annually, which said mortgage was duly recorded December 19, 1853—said mortgage was afterwards assigned to Anthony Stetson, and by him afterwards assigned to Loel Bartlett, on the 27th day of May, 1856.

The said Alvah E. Hill and wife, on the 17th of July, 1855, mortgaged the same premises to Harriet M. Bartlett, then and now the wife of Loel Bartlett, and one of the petitioners, to secure the payment of a promissory note of $215, with annual interest, which said mortgage deed was duly recorded the 23d day of July, 1855.

On the 9th day of March, 1857, Loel Bartlett, by his deed of warranty, conveyed the premises in question to one Thomas Ghostling, which deed was duly recorded the 10th day of March, 1857.

Joseph Eames conveyed the same premises by quit claim deed to said Loel Bartlett, said deed being executed the 4th day of March, 1857, and acknowledged, delivered and recorded the 30th day of June, 1857. It appearing that Alvah E. Hill had previously thereto conveyed the said premises by quit claim deed to Eames.

The referee also finds that Thomas Ghostling on the 9th day of March, 1857, executed and delivered to Loel Bartlett a mortgage deed of the same premises, to secure the payment of five promissory notes. Said deed, with the certificate of the town clerk of Searsburgh thereon, purports to have been recorded the 9th day of March, 1857.

Thomas Ghostling on the 9th day of July, 1857, by quit claim deed, conveyed the same premises to one Aaron Pike, and on the same day Aaron Pike conveyed the same premises to Warren Boyd, the defendant.

The defendant objected to the admission of the mortgage deed from Hill and wife to Chloe Robinson—said mortgage deed was admitted as evidence by the referee as herein before reported.

The defendant also objected to the admission of the mortgage deed from Alvah E. Hill and wife to Harriet M. Bartlett, the same however was admitted as evidence by the referee.

The defendant offered to prove that the mortgage deed from Ghostling to Bartlett was never recorded until February, 1858, nor left in the town clerk's office for record until some time in December, 1857; that Bartlett took his mortgage from the town clerk's office the day it was executed, saying he did not want it recorded until he got a title from Eames; that Bartlett in December, 1857, brought the mortgage to the town clerk of Searsburgh, and fraudulently procured the town clerk to make a certificate that said mortgage was received for record and recorded March 9, 1857, and further that when he took a deed from Pike, the Ghostling mortgage to Bartlett was not on record or on file. He also offered to prove by the original record of deeds that the mortgage was not recorded until February, 1858.

Which offer of the defendant was objected to by the petitioners, and the objection overruled.

The referee found that the mortgage deed from Ghostling to Bartlett was executed and delivered March 9, 1857, and left in

18

the town clerk's office for record some time in December, 1857, but not recorded until the last of February, 1858.

The referee further found that when the deeds from Ghostling to Pike and from Pike to Boyd were executed and recorded on the 9th day of July, 1857, the mortgage deed from Ghostling to Bartlett was not on record or on file in the town clerk's office in Searsburgh.

There was no evidence offered tending to prove fraud or collusion between said Bartlett and the town clerk of Searsburgh, whereby the certificate of such town clerk was endorsed upon the Ghostling mortgage to Bartlett, purporting that said mortgage was recorded March 9, 1857. And there was no evidence tending to show that Boyd knew of the existence of the Ghostling mortgage when he took his deed from Pike.

The counsel for the petitioners at the conclusion of the hearing before the referee abandoned all claim for a recovery upon the mortgage deed and note from Alvah E. Hill and wife to Chloe Robinson, dated August 13, 1853, but insisted that the petitioners were entitled to a decree in equity by reason of the mortgage deed from Alvah E. Hill and wife to Harriet M. Bartlett, dated July 17, 1855, and the mortgage deed from Thomas Ghostling to Loel Bartlett, dated March 9, 1857.

On the foregoing facts, BARRETT, chancellor, at ———— term, 1860, dismissed the petition. The petitioners appealed.

*Flagg & Tyler*, for the petitioners.

*Davenport & Haskins*, for the defendants.

KELLOGG, J. This is a suit by petition in chancery for the foreclosure of three certain mortgages. After answer and traverse, the cause was referred to a referee to ascertain and report the facts in respect to the points at issue, and those facts appear in his report. The petitioners having by their counsel abandoned, at the hearing before the referee, all claim for a foreclosure upon the mortgage from Alvah E. Hill and his wife to Chloe Robinson, set forth and described in the petition, the questions made in the case are limited to the claim of the petitioners for a

Bartlett and wife *v.* Boyd.

'foreclosure in this suit on the other two mortgages described and set forth in their petition, one of which was executed by said Hill and his wife on the 17th July, 1855, to Harriet M. Bartlett, one of the petitioners, she being then and still the wife of Loel Bartlett, the other petitioner, and the other of which was executed by Thomas Ghostling on the 9th of March, 1857, to said Loel Bartlett. It appeared that on the same 9th of March, 1857, the said Loel Bartlett conveyed the mortgaged premises, which are situated in the town of Searsburg, to said Ghostling by a deed of warranty with the usual covenants, and that previous to this conveyance the said Hill and wife had conveyed their interest in the mortgaged premises to Joseph Eames, and that said Eames had conveyed the same to the said Loel Bartlett. On the 9th of July, 1857, Ghostling conveyed the said premises to Aaron Pike, who on the same day conveyed the same to the defendant.

I. The first question which arises in the case is whether the petitioners are entitled to a decree of foreclosure on the mortgage executed by Hill and wife to the petitioner Harriet M. Bartlett. It is claimed on the part of the defendant that the two mortgages which are now sought to be foreclosed—one being executed to the wife and the other to the husband—could not properly be joined in the same petition. An objection like this, if not raised upon the pleadings, will, in general, not be regarded when made at the hearing, and in this case the defendant not having stated the objection in his answer, nor by demurrer or plea, so as to have given the petitioners an opportunity to apply for leave to amend their petition, we think that it ought not now to affect the cause. Story's Eq. Pl., §271, 544, and notes. The defendant further claims that as he has title to the mortgaged premises by virtue of a conveyance from Ghostling, executed on the 9th of July, 1857, which is stated in the report of the referee, the petitioners are estopped, as to him, by the covenants in the warranty deed from Loel Bartlett to Ghostling, which was executed on the 9th of March, 1857, from asserting any right of foreclosure on this mortgage, executed to the petitioner, Harriet M. Bartlett, inasmuch as it was in force and outstanding at the date of her husband's deed to Ghostling ; but we think that the estoppel claimed could only apply to an outstanding incumbrance arising from a

Bartlett and wife *v.* Boyd.

mortgage which the husband held in his own right at the time of his conveyance to Ghostling, and that it cannot be set up against the separate right of the wife, or have any effect upon property held in her separate right. She was not a party to the covenants contained in the deed from her husband to Ghostling, and ought not to be bound by them when the effect would be to deprive her of the enjoyment of her separate property. In the case of *Stearns* v. *Stearns,* 30 Vt. 213, it was held that the fact that a note is made payable to a married woman during coverture, and is expressed to be for value received, (both of which conditions exist in the case of the note secured by the mortgage executed by Hill and wife to Harriet M. Bartlett,) imports, *prima facie,* that the consideration proceeded from her or her real or personal estate, and that if the consideration of a note so executed to a married woman consists of her property, or proceeds from her as the meritorious cause, it becomes her chose in action, which survives to her on the death of her husband, or passes to her administrator on her death, unless reduced to actual possession by the husband before her death. The cases of *Richardson* v. *Daggett,* 4 Vt. 336 ; *Driggs, adminstrator,* v. *Abbott,* 27 Vt. 580 ; *Holmes* v. *Holmes,* 28 Vt. 765, are decisive authorities on this point. There is nothing in this case to show that the husband ever reduced to possession the note secured by this mortgage, and the joining of his wife with himself as a party to this suit, so far from being evidence of an intention on his part to reduce this note to possession, would lead to a contrary conclusion. Treating this note, then, as the separate property of the wife, there can be no doubt that she may join with her husband in an action of law upon it. *Richardson* v. *Daggett,* 4 Vt. 336; per PHELPS, J., on p. 343–4. In Story's Eq. Pl., §63, it is said that in practice, where a suit in equity is brought by the wife for her separate property, the husband is sometimes made a co-plaintiff with her, " but this practice is incorrect, and in all such cases she ought to sue, as sole plaintiff, by her next friend, and the husband should be made a party defendant, for he may contest that it is her separate property, and the claim may be incompatible with his marital rights." The cases which recognize this rule, as stated by Judge Story, proceed on the ground that where the husband and wife

join in the suit as co-plaintiffs, or answer as co-defendants, it is to be considered as the suit or defence of the husband alone, and that the wife would not be bound by a suit instituted by her husband, and that such a suit would not prejudice a future claim by the wife in respect of her separate estate, and that 'not only ought the wife to be protected in the enjoyment of her separate estate, but the parties also who are sued ought to be protected against concurrent or consecutive demands of the husband suing in the names of himself and his wife, and of the wife suing by her next friend. But an objection to the joinder of the husband with the wife as a co-plaintiff, where the suit relates to her *separate property*, must be taken by demurrer, and, if not thus taken, it cannot be entertained at the hearing. Story's Eq. Pl., §544: Where, however, the suit is for a *chose in action* of the wife, not settled to her separate use, the defendant cannot object to the husband's suing jointly with her as co-plaintiff, nor will her right to a settlement be prejudiced by the fact of her husband being so joined with her in the suit. 1 Daniell's Chanc. Pl. and Pr., (Perkins' Ed.,) 143. In any point of view, therefore, this suit, at this stage of the proceeding, must be regarded as being properly instituted in the names of the husband and the wife as co-plaintiffs, for the purpose of enforcing her separate right, and as we are satisfied that there is no estoppel arising from the covenants of her husband's deed to Ghostling which can be set up to defeat her rights growing out of the mortgage executed to her, it necessarily follows that the petitioners are entitled to a decree of foreclosure on that mortgage against the defendant.

II. The petitioners also claim to be entitled to a decree of foreclosure on the mortgage executed by Ghostling to Loel Bartlett on the 9th of March, 1857. The defendant's answer denies any notice or knowledge of the existence of that mortgage at the time the premises were conveyed to him on the 9th of July, 1857. The certificate of the town clerk of Searsburgh on the record of the mortgage in his office, states that the mortgage was "received and recorded on the 9th day of March, 1857, at 9 o'clock, A. M." Parol evidence was introduced before the referee, and received notwithstanding objections made on the part of the petitioners to its reception, tending to show that this certificate was in fact false ; and, on that evidence, the referee found, and has reported,

that this mortgage from Ghostling to Loel Bartlett was executed and delivered on the 9th of March, 1857, and left in the town clerk's office, in Searsburgh, for record at some time in December, 1857, and was not recorded until the last of February, 1858 ; that when the deeds conveying the premises from Ghostling to Pike, and from Pike to the defendant, were executed, which was on the 9th of July, 1857, this mortgage was neither on record nor on file in the town clerk's office in Searsburgh ; that there was no evidence tending to prove fraud or collusion between the mortgagee and the town clerk in reference to the making of the certificate that said mortgage was recorded on the 9th of March, 1857 ; and that there was no evidence tending to show that the defendant knew of the existence of this mortgage when he received his deed from Pike. The only question which arises in reference to this mortgage is, whether the parol evidence which was received by the referee, and on which these facts were found, was admissible to contradict the certificate of the town clerk made on the record of the mortgage. The statute provisions relating to the duty of town clerks in respect to the recording of deeds and other conveyances, are contained in Comp. Stat., p. 116, sec. 31, p. 117, sec. 42, and p. 385, sec. 10. It is provided in sec. 42, p. 117, *ubi suphra*, that " when a deed or other instrument for record shall be left in the office of the town clerk, he shall enter upon the record of such deed or instrument the true day and time of day when the same was received into his office, and shall indorse and sign upon such deed or instrument a certificate of the same fact. This provision appears first to have been incorporated into our statute law in the year 1834. Previous to that time, it had been held that the certificate of the town clerk of his having recorded a deed was to be treated only as *prima facie* evidence of the fact ; and this must have been on the ground that the certificate, though not required to be made by any statute, should be considered, when made, as being a part of the record. *Taylor* v. *Holcomb*, 2 Tyler 44 ; *Johnson's administrator* v. *McGuire*, 4 Vt. 327. So it has been held that the certificates of justices of the peace, county clerks and town clerks of the fact of recording an execution and levy are but *prima facie* evidence, and may be rebutted by parol. *Hubbard* v. *Dewey*, 2 Aik. 312 ; *Morton et al.* v. *Edwin*, 19 Vt. 144 ; *Myers* v. *Brownell*, 2 Aik.

Bartlett and wife *v.* Boyd.

407. The same effect has been given to the certificates of town clerks of the record of the proceedings of land tax collectors. *Carpenter* v. *Sawyer*, 17 Vt. 121 ; *Chandler* v. *Spear*, 22 Vt. 388. Although most of these cases are applicable to certificates made at a time when they were not required by any statute provision, we think that it makes no difference in principle whether the certificates were made pursuant to a requirement of the statute or not, in the absence of any provision giving to them a conclusive effect as evidence. We cannot believe that it was the intention of the legislature, in requiring this certificate to be made, to give to it any other character as evidence than that which had always been given to it when made prior to the enactment of the statute, or that there is any rule of policy which requires that an effect not expressed in the statute, and contrary to the whole course of our decisions on the subject matter, should now be given to such certificates. We are therefore of opinion that the certificate of the town clerk made on the record of this mortgage deed, of the time when he received this mortgage deed for record, was only *prima facie*, and not conclusive, proof of that fact, and that parol evidence was admissible for the purpose of impeaching the certificate in this respect. The facts found and reported by the referee upon this evidence are fatal to any claim for a decree of foreclosure against the defendant on this mortgage.

As the petitioners prevail in respect to the mortgage executed by Hill and wife to Harriet M. Bartlett, and as the defendant prevails in respect to the mortgage executed by Ghostling to Loel Bartlett, there should be a severance and apportionment of the costs of suit between the parties according to the usual practice in such cases.

The decree of the Chancellor dismissing the petition is reversed, and the cause is to be remanded to the Court of Chancery, with directions to enter a decree of foreclosure in favor of the petitioners on the mortgage executed by Hill and wife to the petitioner Harriet M. Bartlett. and dismissing the petition as to the other two mortgages described and set forth therein, and apportioning the costs of suit between the petitioners and defendants according to the usual practice in cases where each party prevails in part only.