Caledonia,
March,.
1837.

E. C. PARKS, & Co., v. LYDIA CUSHMAN,. Trustee of STEPHEN HADLEY.

Personal property, exempt from the levy of execution, is not to be held liable in the hands of a trustee.

The maker of a promissory note, made payable to the wife during coverture, and for her separate property, is not, on that account liable, to be sued, as the trustee of the husband.

Personal. property, inherited by the wife during coverture, after a decree of distribution made by the probate court, is liable to attachment by the trustee process, in the hands of the administrator, at the suit of the husband's creditors.

This was an action upon the statute, relating to absconding or concealed debtors, &c. The goods came to the hands of the alleged trustee, as administratrix of one Sole Cushman, who was the brother of the wife of Stephen Hadley, the principal debtor. Among the goods were certain articles of household furniture and other property, exempted from attachment and levy by statute. There was, also, a promissory note, which the trustee had executed to the wife of the principal debtor, for her share in the real estate of the deceased.

The only interest which Stephen Hadley, the principal debtor, had in any of the property, was in the right of his wife, she being an heir to the estate, of which the trustee was administratrix.

Subsequent to the service and entry of this writ in court, but before the trial, the property had been duly distributed to the several heirs, by order of the probate court, and the share of the principal debtor's wife retained by the administratrix to await the determination of this case. ·

The county court adjudged the trustee liable for all the personal property, not exempt from attachment and levy, and not liable for such exempted property, or for the note.

Both parties excepted to the decision, and the case comes here for revision and final· determination.

D. Hibbard, for the plaintiffs.

1. No property in the hands of the trustee is exempted from being sold on the execution. See trustee act, Section 5. " And " execution shall issue on the judgment so recovered against the " goods and chattels of said principal debtor in the possession " of said trustee."

If the principal debtor held a note against the trustee for one

cow, 10 sheep, 5 bushels of wheat, &c. the trustee would be held liable for the same to the creditor.

Caledonia,
March,
1837.

Parks & Co.
v.
Lydia Cushman

The trustee cannot be supposed to know any thing about any other property of the principal debtor, whether he has one or more cows, and, in this action, such an inquiry cannot be had. It will be in time for him to look after his last cow, when she is sold on the execution.

Executors and administrators may be summoned as trustees. 2 Comp. Laws, 33.

II. By marriage, the husband becomes entitled to all his wife's personal property. 2 Bl. Com. 433, 445. Co. Litt. 351.

And hence it follows, that whatever personal property belonged to the wife, before marriage, is by marriage absolutely vested in the husband. 2 Bl. Com. 433. *Netthrop & Wife* v. *Anderson*, Salk. 114.

Blackstone concludes this subject as follows, viz :

"Thus and upon these reasons stands the law between husband and wife, with regard to chattels real and *choses in action*. But as to chattels personal or *choses in possession*, which the wife hath in her own right, or ready money, jewels, household goods and the like, the husband hath therein an immediate and absolute property, devolved to him by the marriage, not only potentially, but in fact, which never can again revest in the wife or her representative." 2 Bl. Com. 435. Co. Litt. 351.

*John Mattocks, for the defendant.*

We deem it a question of judicial policy, on the construction of the trustee act of 1833, whether the property of the wife, who is an heir, can be seized in this form, after the death of the intestate, and before it comes to the possession of the wife, to pay the debts of the husband. If the statute will admit it, it does not require such a construction as to deprive her of the benefit of legacies or heirship, or compel a child or other relations to be cut off, by leaving the property to others. She cannot enjoy it, if it can be so taken. And persons of property, who are disposed to aid their poor female married relations, will be driven to indirect methods, to accomplish what it is humane and reasonable to allow them to do directly. The right of the wife, as to her property, is regulated in law, and in chancery, by a course of decisions well known to our courts and legislators, and these are somewhat different in equity from what they are at law, and it is no fraud in the wife or her relations, to arrange before-

Caledonia,
March,
1837.
_____

Parks & Co
v.
Lydia Cush-
man.

hand, to bring the property within the protection of equity, and prevent creditors of the husband from seizing it at law. Therefore, to enlarge the rights of the husband's creditors, is, in effect, to abridge the wife's, and although it is competent for the legislature to do this, yet, it should not be construed to have been their intention to do it, unless the language of the act is explicit, or unless there was no other important and sensible object in the act. The great object of the act is apparent. It was to reach the property of the absconding debtor before it came to his possession and care, lest it could not be reached afterwards. What shall be regarded as his property is untouched by the act, and, in deciding this, the court will hold that only to be the debtor's property, which is his by law, equity and justice. For this action is much in the nature of a bill in chancery. It is, indeed, but the custom of London introduced here by statute, in lieu of the chancery process, for a creditor to bring his bill against his debtor's debtor, to pay the debt to him. And was it ever heard of, or would a court of chancery listen a moment to an application in chancery to have a debtor to the debtor's wife pay the debt to the creditor of the wife's husband? It is true, the creditor can attach and hold the personal property of the wife, on a debt against the husband, because it is his in law. It is equally true, that in chancery, in many cases, the wife can have her property protected against her husband's creditors, and against her husband also, because it is in justice hers. When the vendee pays his money for personal property and leaves it in the possession of the vendor, a creditor may attach it, as the property of the vendor. But could the question in any form be presented, who would contend that the vendee would be regarded as the trustee of the vendor? A creditor may have a strict legal right in one form of action, that he has not in another form. So, in this case, when the wife's right in the estate was reduced to personal property, it became subject to the claim of the husband's creditors, because it was, in strictness, the husband's property. But she having the right to take securities for her principal, and to live on the interest, and transmit the principal to her heirs, any process, that shall deprive her of this right, is a violation of her personal rights. The most, therefore, the plaintiffs could be entitled to, in this form of action, would be to hold her personal property, which her husband, when the action was brought, owned. But, at that time, the estate, to which the wife was heir,

was unsettled, and, she only entitled to a distributive share, and the suit prevented her selling or compounding with the main heirs, and recovering the money to put at interest, and forced her to have the personal property set off to her in kind, which, according to the plaintiffs' construction, compels the wife of the poor man to have her little windfall from her brother go to the previous creditors of her husband, who never could have gained a credit upon this fund. We regard this as a sharp attempt by the plaintiff to obtain the wife's property, which was never intended, and probably not thought of by the legislature, in passing this act.

A distributive share in an estate is a *chose in action*, and the wife has it by survivorship. 1 Dane, 342. *Blount v. Bestland*, 5 Vesey, Jr. 516.

No suit can be brought at law, or in the ecclesiastical courts, by husband alone, for the wife's legacy, without first making provision for the wife. Where the wife gives her legacy to her husband, without consideration, it will be set aside in equity, *Wright v. Rutter*, 2 Vesey, Jr. 673. Unless the husband reduces it to possession, by exercising some act of ownership over it, no property vests in him. 1 Dane, 341. Douglas, 452. Husband is trustee for wife, for lands deeded to her, and the lands not liable to his debts, when he becomes bankrupt. 1 Dane, 578. *Bennet v. Davis*, 2 P. Wms. 316.

The opinion of the court was delivered by

REDFIELD, J.—The only question admitting of serious doubt in this case, is, whether the interest of the husband is such in the personal property of the wife, which she inherits during coverture, after distribution is made, but no possession, *in fact*, taken by the husband, that it can be held by. this attachment, in the hands of the administratrix, and thus applied upon his debts. For, in relation to the other questions, attempted to be raised, there seems little ground for doubt or controversy. This process of attachment, when made to operate upon personal property, is coextensive with that of attachment on mesne process, which is limited, of course, by the right to levy execution. Whatever property, then, is exempted from levy of execution, must, of consequence, be exempt from attachment, whether by this or the ordinary mode of process. The only object of attachment of property, in any case, is to hold it subject to the levy of execution. And in this case, if it were so requested,

Caledonia,<br>March,<br>1837.<br><br>Parks & Co.<br>*v.*<br>Lydia Cushman.

Caledonia,
March,
1837.

Parks & Co.
v.
Lydia Cush
man.

the court would order execution to issue against the goods and chattels of the principal debtor, (if any,) in the hands of the trustee. It would seem, then, to involve a very manifest absurdity, that the property, which is confessedly not subject to the levy of an execution, in the hands of the debtor himself, should be adjudged goods and chattels, within the meaning of this statute, in the hands of the trustee, and the latter adjudged liable to hold them in readiness for levy of execution, which is expressly prohibited by statute.

In regard to the promissory note given to the wife, and for her separate property, it is well settled, that, both at law and in chancery, it will be treated as her separate property, and, unless collected during the coverture, belongs either to the wife or her personal representative, as the case may be, after the coverture is at an end. There could be, then, no plausibility in holding the trustee liable on that account.

In regard to the question of the personal chattels, in possession of the trustee, we see no good reason why the administratrix, in this case, should not be held liable, as trustee. Those, acting in an official capacity, like executors or adminstrators, but for the recent statute, would not be liable. That statute has removed all objection on that ground. And the character of the property being personal chattels, not in action, but in possession, there is no possibility of securing the separate property of the wife. If the administrator should not be held liable, the plaintiff or any other creditor, might immediately levy an execution upon the property, and, for any thing we can see, must hold it. This property, after it is set to the share of the wife, is the same as any other personal property of the wife, in possession. It becomes the absolute property of the husband. And whether the property belonged to the wife, at the time of marriage, or was acquired during coverture, either by purchase or inheritance, does not vary the case, in the least. The moment the property passes from the former owner, in the latter case, and the moment of marriage in the former, *eo instanti*, it vests in the husband. In the one case, the woman becomes divested of her former interest, or rather it is merged in the right of the husband, and, in the other case, no interest ever vests in the wife.

The right of an heir to a distributive share in an estate, as has been argued, is not ordinarily attachable. If it be the right of the wife, it is treated like other *choses in action*, and

she takes it by survivorship. And, in this case, if the rights of the parties were to be decided as they stood at the time of the service of the process, as in ordinary cases, the administratrix could not be held liable. But our statute attaches all property in the hands of the trustee, at the time of the service of the process, or which comes into possession before the disclosure.

Caledonia,
March,
1837.

Parks & Co.

Lydia Cush-
man.

While this property formed a portion of the general estate of the ancestor, it was a mere *chose in action.* Had it been destroyed by a stranger, no action could have been sustained by the husband on that account. But after distribution made it ceased to belong to the estate. Had it then been destroyed, it would have been the loss of the wife and not of the estate. The husband could have sustained trover against any one, who should have converted the property, and without joining the wife. Upon the decease of the wife, the property would go to the husband and not to her executor or administrator, and, upon the decease of the husband, would go to his personal representative, and not to the wife.

In every view, which we can take of the case, we can treat the property in no other light than as having passed from the estate and vested in the husband, not in right of his wife, as an inchoate interest, to be perfected by manual custody, but absolutely, and the possession of the administratrix thenceforth becomes that of the husband.

In this view of the case, it would seem to be very useless to hold the property not liable to this attachment. In analogy to all precedents upon the subject, the property, which the court below adjudged liable to this process, must be treated as the absolute property of the husband. The judgment of the county court is, therefore, affirmed.