JOSEPH OWEN, JR., *v*. DAN GRAY, 2D., and SILAS WHEELER, JR., Trustee.

The exemption from attachment and levy of execution, contained in chap. 42, sec. 13, of the Revised Statutes, of " such military arms and accoutrements as the debtor is required by law to furnish," is of a temporary character, as applied to the individual, to continue so long as the debtor is bound by law to furnish them; and when the obligation ceases, the exemption in the particular case ceases.

Where it appeared from the disclosure of a trustee, that he had in his possession certain military accoutrements, belonging to the principal debtor, who was adjutant of the regiment, and that the principal debtor had some time previously absconded from the state, it was held, that he had ceased to be an officer, in

consequence of his removal from the state, and that he was no longer under obligation to furnish these military accoutrements, and that consequently the statute exemption, as to him, had ceased, and that the trustee should be holden chargeable for the articles.

TRUSTEE PROCESS. It appeared from the disclosure of the trustee, that he had in his possession certain military arms and accoutrements, belonging to the principal debtor, who was adjutant of the regiment, and that the principal debtor had some time previously absconded from the state. The trustee also claimed, that the plaintiff had previously commenced a suit against him, as trustee of the principal debtor, and that a judgment had been rendered therein.

The county court, June Term, 1846,—ROYCE, J., presiding,—decided, that the trustee was chargeable for the property in his hands. Exceptions by trustee.

*J. Cooper*, for trustee, cited *Parks et al.* v. *Hadley & Tr.*, 9 Vt. 320; *Adams* v. *Newell & Tr.*, 8 Vt. 190; Rev. St. 240, § 13, art. 1–4; *Leavitt* v. *Metcalf*, 2 Vt. 342; and *Haskill* v. *Andros*, 4 Vt. 609.

———— ————, for plaintiff, insisted, that Gray, having absconded from the state, could not be considered as coming within the exemption in the Revised Statutes.

The opinion of the court was delivered by

KELLOGG, J. It is now objected by the trustee, to the judgment of the court below, that the articles of property in his hands, belonging to the principal debtor, are not subject to attachment; and consequently not liable to the trustee process.

This objection is founded upon the 13th section of chapter 42 of the Revised Statutes, which exempts from attachment and execution "*Such military arms* and *accoutrements* as the debtor is required by law to furnish;" and the cases of *Parks et al.* v. *Hadley & Tr.*, 9 Vt. 320, and *Adams* v. *Newell & Tr.*, 8 Vt. 190, are cited as authorities, to show that the property disclosed by the trustee in the present suit is not liable to the trustee process. Those cases are clearly distinguishable from the case at bar. The case of *Parks et al.* v. *Hadley & Tr.* establishes the general proposition, that personal prop-

erty, exempted from the levy of execution, is not to be held in the hands of a trustee. The property sought to be charged by the trustee process consisted of household furniture. The case of *Adams* v. *Newell & Tr.* decides, that the money of a pensioner, in the hands of his agents, is not liable to the trustee process. These are cases of permanent exemptions of property from attachment, and apply to all persons, who may hold the same.

But in the case of military arms and accoutrements the law limits the exemption to such, as the " debtor is by law required to furnish." This, we apprehend, is an exemption of a temporary character, as applied to the individual, to continue so long as the debtor is bound by law to furnish them, and that, when the obligation ceases, the exemption in the particular case ceases. Such we believe to be the obvious meaning of the statute.

The question then arises, was the debtor, Gray, at the time Wheeler was adjudged his trustee, bound by law to furnish these articles? At that time Gray had absconded and left the state. His authority as an officer had ceased. The office of adjutant of the regiment was vacated by his removal from the state; and Gray, having ceased to be an officer, ceased to be under obligation to furnish these military arms and accoutrements, and consequently the statute exemption as to him ceased. The articles were therefore liable to the trustee process.

It is farther urged, that the plaintiff's cause of action was merged in a prior judgment, and that consequently the present suit should be barred. It is not necessary to enquire what would be the effect of such a fact, if it existed and were properly pleaded to the action, or whether the trustee could avail himself of such a defence, inasmuch as we are unable to discover any evidence in the case of the existence of such fact.

The judgment of the county court is affirmed.