# FRANKLIN COUNTY.

[ Continued from *ante*, page 159. ]

---

Alanson M. Clark, Administrator of Thomas Clark, *v.* James
M. Tabor.

In an action of ejectment, commenced by an administrator May 9, 1849, the de-
fendant pleaded in abatement, that the administrator had not, at the time of
bringing his suit, given any administration bond; the plaintiff replied, that such
bond had been given; and issue was joined. It appeared by the record of the
probate court of May 8, 1849, that a decree was made on that day, that the
plaintiff be appointed administrator, and that he give bond, before entering
upon the duties of his appointment, and it was then recited, that it appeared
to the court, that he had executed such bond, and it was then stated, that the
court thereupon decreed, that he " be and hereby is appointed administrator."
*Held*, that it sufficiently appeared by the record, that the administration bond
was executed May 8, 1849, and that an interlineation, made in the record upon
a subsequent day, that said bond was received and filed in said court May 26,
1849, was no part of the record of what was done May 8, 1849, and could
have little tendency to show, that the bond was not in fact executed on that
day.

But it appearing by parol evidence, that the probate court, on the eighth of May,
1849, determined the amount of the bond and who should sign it, and then in-
formed the administrator, that if the bond were executed and delivered to one
S., it should have the same effect as if returned to the judge of probate, and
that the bond was in fact executed and delivered to S. on the eighth of May,
but not delivered to the judge of probate until the 26th of May, it was held,
that the bond, for all legal purposes, should be considered as executed on the
eighth of May.

Ejectment, brought by the plaintiff, May 9, 1849, as administra-
tor of Thomas Clark. The defendant pleaded in abatement, that
the administrator had not, at the time of bringing his suit, given
any administration bond. The plaintiff replied, that such bond was
given ; and issue was joined. Trial by the court, September Term,
1849,—Poland, J., presiding.

Clark, Adm'r, *v.* Tabor.

On trial the plaintiff gave in evidence a copy of the record of the probate court of May 8, 1849, in which it was stated, that, upon hearing, it was decreed by the court, that the plaintiff be appointed to administer upon the estate, and that he give bond, with sufficient surety, in the penal sum of five hundred dollars, *conditioned for the* faithful discharge of his trust; and it was then recited, that it appeared to the court, that such bond had been executed, agreeably to the order of the court; and it was then stated, that thereupon the court decreed, "that the said Alanson M. be and he is hereby appointed administrator" &c.;—but after the recital of the execution of the bond there was an interlineation, made in the record at a subsequent day, in these words,—"which bond was received and filed in said court on the twenty sixth day of May, 1849." The plaintiff also gave in evidence the original bond, executed to the probate court, signed by himself and Asa O. Aldis, in the penal sum of $500,00, dated May 8, 1849, with the certificate of the judge of probate indorsed upon it, that it was received and filed in the probate court May 26, 1849. The plaintiff then proved by parol evidence, that a hearing was had upon the plaintiff's application for administration on the eighth of May, 1849, and that on the evening of the same day the judge of probate decided to grant administration to the plaintiff, and a bond was written by the judge of probate and delivered to B. H. Smalley; that Smalley informed the judge, that the plaintiff wished to commence some suits immediately, as administrator; that Smalley was then told by the judge, that if the bond was executed by the plaintiff, and by Mr. Aldis, as surety, and was returned to him, Smalley, it should be the same, as if returned to the judge of probate; and that the bond was executed by the plaintiff, and by Aldis, as surety, on the same evening, and returned the same night,—May 8, 1849,—to Smalley, who carried it that evening to the office of the probate court, but was unable to leave it there, as the office was locked. To this evidence the defendant objected, but the objection was overruled by the court. The bond was not in fact returned to the probate court until May 26, 1849.

Upon these facts the court rendered judgment, that the writ abate. Exceptions by plaintiff.

*A. O. Aldis* for plaintiff.

*J. & J. G. Smith* and *Stevens & Edson* for defendant.

The opinion of the court was delivered by

BENNETT, J.   The plea in abatement alleges, that the administrator had not, at the time, this suit was commenced, given any administration bond ; and this is traversed.   The question for consideration is, do the facts in evidence, and which were proved in the county court, constitute legal proof, that a bond had been executed prior to the institution of this suit ?

No question is raised in regard to the due appointment of the plaintiff, as administrator, before this suit was commenced ; and the probate record shows the appointment to have been made on the eighth of May, 1849; and this suit was commenced the ninth of May.   Whatever view we take of the subject, we think the evidence is clearly competent, and the issue established in favor of the plaintiff.   The decree, or order, of the probate court, under date of the eighth of May, was, that the plaintiff be appointed administrator, &c., and that he give bonds, &c., and the record then proceeds to recite, that it appeared to the court, that Alanson M. Clark had executed a bond, agreeably to the order of the court, &c.   This all purports to have been done on the eighth of May, and in contemplation of law the record is made as of that date.

The interpolation in the record, that the bond was received and filed in the probate office on the twenty sixth of May, is and can be no part of the record of what was done on the eighth of May ; and if we regard this as proper evidence, it can have but little tendency to show that to have been the true time, when the bond was executed.

If we regard the *recitals* in the record of the eighth of May as evidence of the bond having been then executed, which I am inclined to think should be the case, it was then shown by the record itself, that the administration bond was executed before this suit was commenced.   But suppose the time of the execution of the bond to rest in parol, it is quite clear, that the facts found by the county court prove the bond to have been, for all legal purposes, executed on the eighth of May.   The court of probate determined

what should be the amount of the bond, and who should sign it; and in taking the delivery of the bond Mr. Smalley acted ministerially, and under the sanction of the court of probate, and in their behalf. It is the same, in legal effect, as if Mr. Smalley had been the register and had received the bond. Certainly *it could not* have been necessary, that it should have been filed in the probate office, to give it vitality. In either view, then, the affirmative of the issue was proved and should be found for the plaintiff.

But for myself I do not think, that the facts alleged in the plea constitute any legitimate matter of abatement, if true. The failure of the administrator to give the bond, in pursuance of the order of the probate court, may be good reason, why the probate court should vacate the appointment and refuse to issue the letters of administration, but cannot, I think, have the effect to render null and void the appointment *per se.* The power is conferred upon the administrator by the decree, or order, making the appointment. The letters of administration are only the evidence, that the power has been conferred. The appointment precedes the bond, though the statute directs, that, before he receives his letters and enters upon the duties of his office, he shall give the requisite bond.

It is clear, we think, that the county court should have given judgment on the issue for the plaintiff.

The result is, the judgment of the county court is reversed; and in this case we understand the counsel to agree, though issue is taken on the plea, yet that judgment be rendered, that the defendant *answer over,*—which the clerk will enter accordingly.