The Probate Court, E. G. Stacy and wife, *prosecutors, v.* Stephen Niles and Joseph Steen.

*Probate court. Administrator's bond. Husband and wife. Trustee process. Administrator. Settlement of estates.*

It is not essential to the maintenance of a suit upon a bond taken to the probate court, that a copy of the bond, and the certificate of leave from the probate court to prosecute it, should be filed in the county court at the same

Probate Court et al. *v.* Niles et al.

time when the writ is returned there.[*]　The county court may, in their discretion, allow them to be filed at any time during the first term, and the exercise of their discretion in this respect is conclusive.

A distributive share in the estate of a deceased person, belonging to a married woman, cannot be attached by the trustee process in a suit against the husband before a decree of distribution, nor until the latter has reduced it to possession.

The defendant, being administrator on the estate of a deceased person, a distributive share of which belonged to a married woman, and was still in his hands, was before any decree of distribution had been made, summoned, as such administrator, as trustee of her husband; *Held,* that his omission to appear and make disclosure in the trustee process that no decree of distribution had been made, and thus suffering himself to be adjudged chargeable as trustee by default, was negligence, and that the payment by him to the creditor of the amount of her distributive share upon a judgment so rendered against him, would not protect him from an action by the husband and wife upon his administrator's bond, for not paying over her distributive share.

DEBT upon a bond given to the probate court by the defendant Niles, as administrator of the estate of Ezra Gleason, and executed by the defendant Steen as surety.　The writ was made returnable at the April Term, 1859, but at the time of the return of the writ no copy of the bond given by the defendants was filed, nor any certificate from the probate court that permission had been granted by that court to prosecute the same.

For this reason, the defendants, at the same term, moved to dismiss the action, but it appeared that such copy and certificate had been filed after the motion to dismiss was made, and before hearing upon it, and therefore the county court, REDFIELD, Ch. J., presiding, — overruled the motion, to which the defendants excepted.

The breach assigned in the declaration was in substance that the defendant Niles, as such administrator, had not paid to the prosecutors the sum of seventy-nine dollars and twenty-seven cents, upon a decree of distribution ordered to be paid to Clarissa Stacy, wife of E. G. Stacy, as her share of Gleason's estate.

The defendants' pleas set forth in substance that before the order of distribution was made, a suit was brought before a justice of the peace, by way of the trustee process, in favor of one

---

[*] See Comp. Stat., chap. LIX, sec. 2, p. 374.

Brown against E. G. Stacy, in which the defendant Niles, as administrator of the estate of Gleason, was summoned as trustee, in which suit judgment was rendered against Stacy for one hundred and two dollars and seventy-eight cents, and against Niles as such administrator, as trustee, for the same sum; that execution was issued thereon against Niles and placed in an officer's hands for collection; that he had paid thereon to the officer the sum of seventy-nine dollars and twenty-seven cents.

The plaintiff replied that Niles did not appear before the justice of the peace before whom such suit was returnable, and make disclosure of the goods, chattels, rights and credits of the defendant E. G. Stacy, which he, as administrator of Gleason's estate, had in his hands, and that he, of his own wrong, voluntarily permitted such judgment to be rendered against him, as such administrator.

To this replication the defendants demurred.

The county court, at the September Term, 1859,—REDFIELD, Ch. J., presiding,—held the replication sufficient, and rendered judgment for the plaintiffs for the amount of Mrs. Stacy's distributive share in Gleason's estate, with interest from the time of the commencement of this suit, to which the defendants excepted.

*E. Kirkland*, for the defendants.

*Bradley & Kellogg*, for the plaintiffs.

ALDIS, J.　I. The provision in the statute (chap. 59, sec. 2,) that the applicant shall file in the county court, at the time of the return of the writ, a copy of the bond and the certificate furnished by the probate court, is intended as a means of preserving in the county court the proof of a compliance with the preliminary requisites for the instituting of the suit. From the nature of the act required to be done, it is not vital to the suit that the time should be precisely complied with. The rights of the parties in no way depend upon the *time* of filing the bond and certificate, and this part of this provision must be considered as merely directory.

Executors and administrators are required by statute, before

entering upon their trust, and before letters testamentary or of administration are issued to them, to give bonds; yet their acts done before giving bonds are held valid, and the statute is regarded as being merely directory; *Heirs of Clark* v. *Tabor*, 22 Vt. 595.

The right to institute the suit arises when the probate court grants the permission, not when the proof of it is filed in court. Hence, leave to file the certificate, if out of time, was permissible in the discretion of the county court, and their discretion on the point was final.

The statute requires that copies of appeal from a justice of the peace should be certified by the justice. In a case decided at the last term at Rutland,* it was held that where the copies were not signed or certified by the justice, and a motion to dismiss was interposed, the court could continue the case to the next term for the purpose of enabling the party to perfect his copies, and the copies being perfected at the next term, that they properly over-ruled the motion.

II. The choses in action of the wife, while they remain in action, and have not been reduced to possession by the husband, are not the property of the husband. The share of the wife in her father's estate, while in the hands of the administrator, was her property, and not her husband's. There could have been no reduction of it to the possession of the husband before an order of distribution, and while in fact in the possession and under the legal control of the administrator. Hence it could not be subject to attachment by the trustee process for debts due from the husband.

There have been two decisions during the last year substantially involving this decision, one in Orange county and one in Washington county last November, in which the opinion was given by Judge PIERPOINT, where it was held that the property of the wife, until actually reduced to possession by the husband, is not liable to be taken by trustee process for his debts.

Here, till decree of distribution, the husband *could* have no action against the administrator. After the decree his creditors could not take the share of the wife till the husband had taken it

* See *Carruth* v. *Tighe*, ante. p. 626.

into his legal possession and control, and this must be shown by some positive act of the husband. *Short* v. *Moore*, 10 Vt. 449, is directly in point to show that the distributive share of the wife is a mere chose in action.

The case of *Parks & Co.* v. *Cushman*, 9 Vt. 320, was where chattels and goods were in the hands of the administrator after a decree of distribution.

III. It is urged that the judgment of the justice that the trustee was liable, must protect the defendants.    We think otherwise. First, it was the duty of the administrator to have disclosed the facts as to the wife's interest as heir, and if he had stated that there was no decree of distribution, and that the estate was in his hands, he could not have been held liable as trustee.    His omission to do this, and suffering a default, was negligence on his part, and a judgment so obtained cannot protect him. Secondly, upon the plea and replication it only appears that he was summoned as administrator of the estate of Ezra Gleason, to disclose the goods, chattels, etc., which he had belonging to E. G. Stacy, the husband.    He suffered a default.    He might well do so if, as administrator, he had property or credits belonging to the husband, and this may have been so without in any way involving the wife's share in the estate.    The estate may have been indebted to the husband wholly independent of the wife's interest as heir.    Hence, the judgment that the administrator was liable as trustee, does not imply that the liability arose from his having in his hands funds belonging to the wife.    The presumption of the law would be, that the liability arose from debts due on property belonging to the husband absolutely, and in his own right.

The judgment is affirmed.