DANIEL ROBERTS, ADMINISTRATOR OF SUSANNAH LUND, v. JONA-
THAN LUND.

*Competency of Witness under Gen. Stat. ch.* 36, § 24. *Right of
Administrator of wife to maintain suit at law against her hus-
band. Fraudulent Conveyance. Reduction of wife's Choses in
Action to possession by her husband.*

In trover for certain mortgage notes, brought by the administrator of the wife against
the husband, the plaintiff's testimony tended to prove that the defendant at some time
admitted that said notes belonged to the intestate. *Held,* that the defendant was not a
competent witness to any matter that occurred prior to the appointment of the admin-
istrator.

The administrator of the wife can maintain any proper action at law against the hus-
band for the enforcement of her rights of property.

If a husband, to avoid being compelled by the town to contribute to the support of his
pauper mother, conveys land to his wife without consideration, such conveyance is
good between the parties; for the law will not permit a party to allege his own fraud
to avoid his contracts, or the legal consequences of his own act.

TROVER for certain mortgage notes. Trial by jury, December
term, 1871, Ross, J. presiding, and verdict for the plaintiff.

In 1844, the defendant conveyed certain real estate which he
owned in Groton, to the father of the intestate, who, on the same
day, conveyed the same to the intestate, all without consideration.
In 1867, the defendant and his wife, the intestate, sold and con-
veyed the same to one Wormwood, who executed the notes in
question to the intestate, or bearer, for the purchase money
thereof, and secured the same by mortgage thereon. The plain-
tiff's evidence tended to show that, at the time of the conveyance
to the intestate as aforesaid, the town of Groton was proceeding
against the defendant to compel him to contribute to the support
of his mother, who was then a town charge, and that in that
proceeding the defendant testified that said real estate was the
property of his wife.

The defendant claimed that the foregoing evidence tended to
show that the premises were deeded to the intestate as aforesaid,
for the reason that the town of Groton was endeavoring to make
the defendant support his mother, and was done for the purpose of

getting rid of aiding in her support. The defendant also claimed, and his evidence tended to show, that said property never in fact belonged to the intestate, but that she held it for the defendant. It appeared that at the time of the execution of the mortgage and the notes as aforesaid, the same were delivered to the defendant in the presence of the intestate, and that the defendant had kept them in his possession ever since ; and the evidence showed that said Wormwood had paid to the defendant the amount of three or more of said notes, and had never paid anything thereon to the intestate, but had frequently offered to, but that she always declined to take the money, and directed him to pay it to the defendant. There was no evidence that the defendant did any act in regard to said notes against the will of the intestate, or without her consent, express or implied. The only question on this point was, whether he acted as her agent, or for himself; in regard to which, the evidence was not clear or positive, but reconcilable with either claim.

The plaintiff's evidence tended to show that the intestate had some property at the time of her marriage with the defendant, and that she received about $250 from her father's estate in 1848 or 1850, and had at various times during their marriage been known to have money of her own. The evidence also tended to show, that the defendant had made certain statements with reference to the ownership of the mortgage and the notes in controversy, and that he had at some time stated that said notes and mortgage belonged to the intestate. The defendant offered himself as a witness to contradict such evidence, and as a witness generally to testify in the case.

The plaintiff objected to the defendant's testifying, for the reason that his wife was dead, wherefore he was disqualified as a witness. The court excluded his evidence, and ruled that he could not testify upon any point, except matters that had transpired since the appointment of the administrator ; to which the defendant excepted. The defendant claimed, and asked the court to rule, that an action at law could not be sustained by the administrator of the wife against the husband. The court held otherwise ; to which defendant excepted.

The defendant requested the court to instruct the jury that, if they found that said land was deeded to the intestate as aforesaid for the purpose of keeping the same from the town, to get rid of supporting his mother, and if it was understood that the property was really the defendant's, and that the intestate never claimed it as hers, then that said property in fact belonged to the defendant. The court refused so to charge, but did charge that, if the defendant caused said property to be deeded to his wife for the purpose of getting rid of a liability to assist in the support of his mother, it would be an act of fraud on his part, of which he could take no advantage, and the court would not aid him to recover the property against his own fraud, but told the jury that, if the wife took the deed, and held the land in trust for the defendant, and was willing to and did surrender it to him, that she could do so, and if she had done so, said mortgage and notes would be the property of the defendant.

The defendant also requested the court to charge that, although the notes were payable to the intestate or bearer, still, if the jury found that she never had the notes in her possession, and never claimed them as her property, and that the defendant always controlled them as his property, and they were placed among his effects, and were never given to the wife, and he never admitted that he held them in trust for her, and in all other respects acted as the owner thereof, that such acts would constitute a sufficient reduction to possession to make them his property.

The court refused to charge as requested, but did charge that in regard to the reduction to possession, the doctrine did not apply with much force, as the evidence on both sides was rather as to who owned the notes, than that she owned them and he had reduced them to his possession against her will, and that if the notes belonged to her, in order for the defendant to sufficiently reduce them to possession, he must have either sold or endorsed them to a third party, or collected them. The court charged fully on all the points arising in the case in a manner not excepted to by the defendant, and fully explained the general propositions contained in those portions of the charge detailed, to which exception is taken. To the refusal to charge as re-

quested, and so much of the charge given as is above detailed, the defendant excepted.

*O. S. & C. C. Burke*, for the defendant.

At the time of the conveyance to the intestate, it does not appear that there were any creditors of the defendant; nor does it appear that the heirs of the intestate had any claim against him. Hence, the question of fraud is not applicable in this case. Gen. Stat. ch. 113, §§ 32, 33, and cases there cited.

The defendant was a competent witness to contradict the plaintiff's testimony that he had stated that said notes and mortgage belonged to the intestate. At all events, to exclude him as a witness on that point, it should have *appeared* that such statements were made before administration granted. This court cannot *assume* that they were before. *Morrill, adm'r,* v. *Pinney,* 43 Vt. 605.

It is well settled that the wife cannot sue the husband at law. *Porter et al.* v. *Bank of Rutland,* 19 Vt. 410. How can the wife's administrator have any better or different rights than she has? Notwithstanding the reasoning and views of the court in *Albee, adm'r,* v. *Cole,* 39 Vt. 319, the point was left undecided, and is still an open question in this state.

The refusal to charge as requested as to the reduction to possession by the defendant, was error. What is sufficient to constitute a reduction to possession of the wife's choses in action by the husband, has not been fully decided in this state; but it has been held that he must do some positive act; but that he must either sell or indorse notes to a third party, or collect them, we deny. Any act on the part of the husband, which clearly shows an intention to make the wife's choses his own, is a sufficient reduction to possession, and bars the wife's right to survivorship. 1 Parsons Cont. 332, n.; Bing. Inf. 21, notes, and cases there cited; Schou. Dom. Rel. 119.

*Dickey & Smith* and *Leslie & Rogers,* for the plaintiff.

The defendant was not a competent witness in his own behalf. Gen. Stat. ch. 36, § 24; *Fitzsimmons* v. *Southwick,* 38 Vt.

509; *Ford's Ex'rs* v. *Cheney*, 40 Vt. 153; *Hollister, adm'r*, v. *Young*, 41 Vt. 156.

An action at law will lie against the husband in favor of the administrator of the wife. *Manwell, adm'r*, v. *Briggs*, 17 Vt. 176; *Caldwell, adm'r*, v. *Renfrew*, 33 Vt. 213; *Albee, adm'r*, v. *Cole*, 39 Vt. 319.

It is well settled that if one puts his property into the hands of another for the purpose of avoiding any debt, right, or duty, it is a fraud, and a court will not aid him to recover it back. Gen. Stat. ch. 113, § 32; *Peasley* v. *Barney*, 1 D. Chip. 331; *Adm'r of Martin* v. *Martin*, 1 Vt. 91; *Walker* v. *Ferrin*, 4 Vt. 523; *Weeks* v. *Burton*, 7 Vt. 67; *Carpenter* v. *McClure*, 39 Vt. 9.

There was not a sufficient reduction of the notes to the defendant's possession to make them his property. Redf. Wills, Part II, 175, (2); Reeve Dom. Rel. 55, notes and cases cited; 2 Kent Com. 113; *Driggs, adm'r*, v. *Abbott*, 27 Vt. 580; *Wilson et. al.* v. *Bates, adm'r*, 28 Vt. 765; *Barber* v. *Slade et als.* 30 Vt. 191.

The opinion of the court was delivered by

REDFIELD, J. This action is trover for the conversion of certain mortgage notes and United States bonds The question in issue was the *title* of the property. The defendant was the husband of the intestate at the time of her decease.

I. The plaintiff's testimony tended to prove the defendant had admitted that the property belonged to the wife. The court, on motion of the plaintiff, excluded the defendant as a witness to any matter that occurred prior to the plaintiff's appointment as administrator. To this ruling the defendant excepted. We think the defendant can take nothing by this exception. The case falls within the rule established in *Fitzsimmons* v. *Southwick*, 38 Vt. 509. The cases of *Hollister, adm'r*, v. *Young*, 42 Vt. 403, and *Merrill, adm'r*, v. *Pinney*, 43 Vt. 605, are not in conflict with this rule.

II. It is claimed that, as the intestate, by reason of coverture, could not maintain this action, it could not be maintained by her administrator. *Coverture* is a personal disability, springing from

the conjugal relation, and does not attach to her adminitrator. The plaintiff, as her administrator, succeeds to all her rights of property, and can maintain any proper action to enforce them. *Caldwell, adm'r,* v. *Renfrew,* 33 Vt. 213. *Albee, adm'r,* v. *Cole,* 39 Vt. 319.

III. If the land, which was the source of these mortgage notes, was conveyed to the wife, through her father, to avoid contribution to the support of his mother, and without consideration, it would be fraudulent and void as against those who sought to enforce such duty, yet it would be good between the parties. For the law will not permit a party to allege his own fraud, to avoid his contract, or the legal consequences of his act.

IV. The request to charge that the acts of the husband had so far reduced the notes to possession as to defeat her right of survivorship, cannot be sustained. So long as any act remains to be done to bring the avails of choses in action to the beneficial use of the husband, the wife's right of survivorship remains. *Heirs of Holmes* v. *Adm'r of Holmes,* 28 Vt. 765 ; Redfield on Wills, 2, 175–6.

Judgment of the county court is affirmed.