## PERRY v. WHEELOCK.

*Personal Property of Married Woman. Reduction to Possession by Husband.*

Plaintiff, while covert, recovered judgment against a town in the name of herself and husband, for personal injuries caused by an insufficient highway. The judgment was paid to the attorney by a town order drawn in his favor. The attorney indorsed the order to plaintiff's husband, in the husband's last illness, and the husband delivered it immediately to plaintiff, saying, "This is yours, take care of it," and plaintiff put it with other papers belonging to the husband. It had previously been agreed between the plaintiff and her husband that the proceeds of the judgment should be applied in payment of a mortgage upon their homestead, and that the homestead should be conveyed to plaintiff. The husband's administrator took the order, with other papers, and collected the money thereon. *Held,* that the husband did nothing to convert the judgment nor its proceeds to his own use, and that the order remained the property of the plaintiff.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by the court, February Term, 1876, REDFIELD, J., presiding.

It appeared that the plaintiff while covert recovered judgment for $1,950. in the name of her husband and herself, against the town of Irasburgh, for personal injury received by her on an insufficient highway; that a town order was given to Thompson, plaintiff's attorney in that suit, in payment of the judgment; that soon afterwards, plaintiff's husband died, and that during his last illness, Thompson, in whose favor the order was drawn, indorsed it to the husband in plaintiff's presence, and delivered it to him, and he took it and delivered it directly to the plaintiff, saying, "This is yours, take care of it," and that the plaintiff put it into a small trunk with her husband's valuable papers; that after the death of the husband, the defendant, his administrator, called on the plaintiff for all the books and papers belonging to the husband, whereupon she brought forward said trunk, and exhibited its contents, including said order, as to the ownership of which a discussion then arose, the plaintiff claiming that she ought to have it, and the defendant, that it belonged to the husband's estate; and that the defendant took the order, and received thereon $1.970.

It further appeared, that the homestead was at the time of the recovery of said judgment and of the husband's death, under mortgage, for procuring a discharge of which it had been agreed between the plaintiff and her husband that the plaintiff should use the proceeds of said judgment ; that it had also been agreed that the homestead should be conveyed to the plaintiff, and that that agreement existed at the time of the husband's death ; that the plaintiff never purposely waived her right to said judgment, and that the husband never purposely reduced it or its avails to possession ; and that the husband at his death was insolvent, and the plaintiff at the time of bringing this action in need of the money, having to support herself and her children.

It was agreed by the parties, that the plaintiff should recover if she legally could under any pleading either at law or in equity.

The court rendered judgment for the plaintiff, to which the defendant excepted.

*L. H. Thompson*, for the defendant.

Damages allowed as compensation for injuries sustained by the wife go to the husband, if recovered during his lifetime. Schoul. Dom. Rel. 107. All that is necessary to entitle the husband to such damages is, that by suit in name of himself and wife he recover judgment therefor in his lifetime. The original cause of action is then merged in the judgment, and the reduction to possession by the husband is complete. Schoul. Dom. Rel. 108 ; *Stroops* v. *Swarts*, 12 S. & R. 76.

But if plaintiff had an interest in the judgment, it would have survived to her had not such judgment been paid. But when the judgment was liquidated by the order payable to Thompson, which was by him indorsed and made payable to the husband, plaintiff's interest therein was extinguished. The old debt was novated by the new security. 2 Kent Com. 121. When notes given for the purchase money of wife's real estate are taken in the husband's name, the reduction is complete. Schoul. Dom. Rel. 120.

In the suit against Irasburgh, Thompson was the attorney of plaintiff's husband. The wife cannot appoint an attorney to de-

fend a suit; and it would seem to follow by parity of reasoning, that she cannot appoint an attorney to prosecute a suit. *Sumner* v. *Conant*, 10 Vt. 20; *Oulds* v. *Sanson*, 3 Taunt. 26.

Payment of the judgment to Thompson was payment to the husband, and the reduction of the chose in action by the husband was then complete. *Hill & Wife* v. *Royce*, 17 Vt. 190; Schoul. Dom. Rel., 121; *Alexander* v. *Crittenden*, 4 Allen, 342.

It was the husband's intention to use said order so indorsed and made payable to him by Thompson, in payment of his own debt, i. e., the mortgage debt on his homestead. The wife's interest in the homestead would be protected by operation of law, without any conveyance to her.

If the husband once makes the property or right of action belonging to his wife his own by reduction to possession, he cannot again transfer it to his wife in prejudice of the rights of creditors, even though it vested in him only for a short time. Schoul. Dom. Rel., 123.

*Edwards & Dickerman*, for the plaintiff.

By the common law, the husband's title to his wife's personal property in action to which she was entitled at the time of the marriage, as bonds, notes, contracts, and her rights to damages for injuries, &c., is not as extensive as his right to her personal property in possession. Reeve Dom. Rel., 3.

If the wife survives, she takes by survivorship, a debt due upon a judgment recovered by husband and wife, whether obtained upon a debt due to the wife while sole, or upon a contract made with the wife during coverture, where she is the meritorious cause of action. 1 Chit. Pl. 32; Reeve Dom. Rel., 20, 21; *Richardson* v. *Daggett*, 4 Vt. 336, 345.

If damages be claimed for any injury to the wife's person or reputation during coverture, those damages belong to her, and she must be joined in the suit, and in case of his death before he reduces them to possession, they survive to the wife in the same manner as if the injury had been received before marriage. Reeve Dom. Rel., 63; 2 Kent Com. 138, 140, 141; Bing. Inf. & Cov., 247, 248.

A court of chancery would treat the order as the separate prop-erty of the wife, and there is no reason why this court should deny her, under the circumstances of this case, that protection in her rights which in another capacity it would be forced to award her.

The husband never reduced the damages to possession nor in-tended to; he never exercised any control over the order, and never saw it till it was handed to him by Thompson, when he im-mediately passed it over to his wife, declaring that it was her property; and if there was not an appropriation with intent to ap-propriate, the defendant cannot successfully defend. Schoul. Dom. Rel., 107, 122.

There was an understanding and agreement between the plain-tiff and her husband that the money should be secured to her use. *Draper, Admr.* v. *Jackson & Wife,* 16 Mass. 480 ; *Barber* v. *Slade et als.* 30 Vt. 191 ; Schoul. Dom. Rel., 115, 116, 119, 122; *Heirs of Holmes* v. *Admr. of Holmes,* 28 Vt. 765.

It is a settled principle in equity, that nothing short of actual and positive reduction into possession by the husband, will bar the wife's right by survivorship to the full enjoyment of her choses in action and reversionary and contingent interests.     2 Kent Com., 135, note d., 138, 141.   The court will restrain the hus-band from recovering the wife's property, until he makes provis-ion for her.    2 Kent Com., 140, note b ; Reeve Dom. Rel., 9.

The opinion of the court was delivered by

Ross, J.   The damages recovered in the suit, *Perry and Wife* v. *Irasburgh,* arose from a personal injury to the plaintiff.   She had the right to control the suit, and the right to the damages when recovered.   The husband is a party to such actions in favor of the wife, because the policy of the law requires it, and not be-cause he necessarily has any pecuniary interest in the damages recovered.    This is fully established by the unreported case of *Chase & Wife* v. *Golpin & Wife,* heard and decided at the Gen-eral Term, 1871.    That was an action to recover damages for an injury occasioned by a slander of the plaintiff wife.   Her husband did not at the time live with her.   The defendants obtained a dis-

charge of the suit from him, and pleaded it in bar of the action. This court held that the discharge was no bar to the prosecution of the action by the wife, as she was the meritorious cause of the action, and the damages if recovered belonged to her. The damages recovered in the suit of *Perry & Wife* v. *Irasburgh*, being the property of the plaintiff, the only question remaining on the facts found by the County Court, is, whether the husband before his decease reduced them to his possession. The right to reduce the wife's *choses in action* to possession is personal to the husband. No one can exercise this right for him. He can act as the agent of his wife in collecting her *choses in action*, and in reinvesting in her name the money derived therefrom. The mere fact that her money is or has been in his hands, does not operate to reduce it to his possession, or to make it his money. Unless the husband does some positive act in regard to a judgment recovered in their joint names, and of which she is the meritorious cause of action, or in regard to the money received on such judgment, that clearly evinces a purpose on his part to deprive the wife of the judgment or the avails thereof, and to make them his own, the law presumes the judgment and the avails of it to remain the property of the wife. *Heirs of Holmes* v. *Admr. of Holmes*, 28 Vt. 765; *Caldwell, Admr.* v. *Renfrew*, 33 Vt. 213; *Barron* v. *Barron*, 24 Vt. 375; *Probate Court* v. *Niles*, 32 Vt. 775; *Roberts, Admr.* v. *Lund*, 45 Vt. 82; *White & Wife* v. *Wait*, 47 Vt. 502. The facts found by the County Court, not only fail to show any act of the deceased husband converting the damages recovered in the suit against Irasburgh to his own use, but show a settled purpose on his part not to do so, and that whatever he did in regard to the judgment or the town order given to Thompson in settlement of the suit, he did as the agent of the plaintiff. The indorsement by Thompson of the order to him, could not avail to make it his property, any more than the payment of the money to him to satisfy said judgment, would have made the money his property. If in such case he should receive and treat the money as his own, it would perfect a conversion of it to his use; but if he should on the receipt of it hand it to his wife, as he did the order, saying, "Here, this is yours," it would still remain the property of the wife.

As between the deceased husband and the plaintiff, the town order was her property. So it is her property as between her and his administrator, the defendant.

Judgment affirmed.