## EDWARD WRIGHT AND WIFE v. SOLON BUR-ROUGHS.

*Joinder of husband and wife as plaintiffs.*

1. A husband may, since the passage of the Married Woman's Act of 1884, join as a co-plaintiff in a suit upon a promissory note payable to the wife, in which he has an interest by virtue of the marital relation.

2. The declaration alleged that the note was given to the wife, then covert, before the passage of that act. *Held*, not demurrable for misjoinder; for it would not be presumed that the consideration for the note was such as renders it irreducible to the possession of the husband.

3. Nor will the fact that he has joined in the suit, instead of suing alone, be a waiver of his interest in the note, since he may still appropriate the judgment.

Special assumpsit for the amount of a promissory note. Heard at the December Term, 1889, MUNSON, J., presiding, upon general demurrer to the new declaration, which was, *pro forma*, overruled. The defendant excepts.

The plaintiffs were husband and wife, and the note upon which a recovery was sought was made payable to the wife. The defendant demurred to the original declaration of the plaintiffs, for that, upon the facts therein alleged, the wife ought to have sued alone, and it was so held. 61 Vt. 390.

Thereupon the plaintiffs filed the following new declaration:

" Whereas the said defendant, heretofore, to wit, on the 15th day of April, 1881, at Waltham, in said county, made his certain promissory note in writing, bearing date a certain day and date therein mentioned, to wit, the day and year aforesaid, and then and there delivered the said promissory note to the said Mary J. Wright, then and there and still being the wife of the said Edward Wright; by which said promissory note the said defendant then and there promised to pay one day after the date thereof to the said Mary J. Wright, so then being the wife of the said Edward Wright, two hundred and eighty-three dollars and sixty cents with interest, for value received by him, the said defendant; by reason whereof the said defendant then and there became liable to pay to the said plaintiffs the said sum of money in the said promissory note

specified, according to the tenor and effect of said promissory note; being so liable, he, the said defendant, in consideration thereof, afterwards, to wit, on the day and year aforesaid, at Waltham aforesaid, undertook and then and there faithfully promised the said plaintiffs to pay them the said sum of money in said promissory note specified according to the tenor and effect of the same."

*Roberts & Roberts* and *H. C. Royce*, for the defendant.

The right of the husband to join as co-plaintiff depends upon his property rights in this note.

Upon the facts alleged he has none. The note was given to the wife and for value received from her. Since the consideration moved from her, it was her note. *Richardson* v. *Daggett*, 4 Vt. 336.

The cause of action would survive to her. Roberts' Dig. 383, pl. 50–52; *Spooner* v. *Reynolds*, 50 Vt. 437.

Her representative might sue alone, if she were living, and might sue the husband at law after her decease. *Driggs* v. *Abbott*, 27 Vt. 580 ; *Royce* v. *Vandeusen*, 49 Vt. 26 ; *Gustin* v. *Carpenter*, 51 Vt. 585 ; *Fisher* v. *Williams*, 56 Vt. 586 ; *Roberts* v. *Lund*, 45 Vt. 82 ; *Caldwell* v. *Renfrew*, 33 Vt. 213; *Albee* v. *Cole*, 39 Vt. 319.

If the consideration come to her in certain ways the note would be hers by the terms of the statute. *White* v. *Waite*, 47 Vt. 502 ; *Hackett* v. *Hewitt*, 57 Vt. 442; *Giddings* v. *Turgeon*, 58 Vt. 111; Roberts' Dig. 383, pl. 59–60; ROYCE, Ch. J., in *Leavitt* v. *Jones*, 54 Vt. 423, 426.

The fact that the husband joined with the wife indicates that he did not intend to reduce the note to his possession. Had he so intended he would have sued alone. 4 T. R. 616 ; 2 Chit. Pl. 136, note y.

Having joined the wife, she becomes the meritorious cause of action. She is the only one interested and should therefore sue alone. *Gay* v. *Rogers*, 18 Vt. 342 ; Sch. Dom. Rel. 127 ; *Bartlett* v. *Boyd*, 34 Vt. 260 ; *Driggs* v. *Abbott*, 37 Vt. 582.

*Stewart & Wilds*, for the plaintiffs.

The declaration now alleges that when the note was given the plaintiffs were husband and wife. The husband had, therefore, a pecuniary interest in the note by virtue of the marital relation, and in the protection of this interest he might join with the wife as a plaintiff.

The opinion of the court was delivered by

ROWELL, J. If the husband has a legal interest in the note by virtue of the marital relation, he may join his wife in a suit upon it. Otherwise he cannot join, but the wife must sue alone, being empowered to do so by the statute. So held when this case was here before. 61 Vt. 390.

It is conceded that the statute of 1884 cannot take away any right the husband had to reduce this note to his possession, but it is claimed that he never had any such right; first, because, being for value received and payable to the wife, it imports, *prima facie,* that the consideration moved from her or her separate property, and that therefore the note is hers and not his; and, second, because it should be presumed that the consideration came to her in some of the ways that make the note by statute irreducible to his possession.

If we modify the first claim by adding the husband's right of reduction to possession, it will comport with a long line of cases in this State, one of which is *Stearns* v. *Admr. of Stearns,* 30 Vt. 213, where that exact question was ruled, and the note held to be the property of the wife, and to pass to her administrator, it not having been reduced to her husband's possession in her lifetime. That in such a case, aside from any statute, the husband has the right to reduce the note to his possession, cannot be doubted, for so are all the cases.

But as to the second claim, it asks us to presume against the common law, for by that, in their marital relations, the supremacy of the husband is presumed. Mr. Schouler says that we must bear in mind that the married women's acts have reference, not to the wife's property in mass, but to property acquired in certain instances by way of exception to the old rule of cov-

·erture ; that broad as they may often appear, these statutes are ·considerably restrained by judicial construction and the application of .presumptions ; and that in Massachusetts, Maine, Illinois, Wisconsin, Pennsylvania, and some other States, the presumption .still is, nothing to the contrary appearing, that a married woman's property belongs to her husband as at the common law. ·Schoul. Husb. & Wife, s. 223. But it is not necessary for us to ·adopt this view in order to dispose of the question, for it is enough to say that we cannot presume that the consideration ·came to the wife in a way that makes the note by statute irre-·ducible to the husband's possession.

In some of the States the inclination is, not to presume either way, but to leave it to proof.

But it is still claimed that notwithstanding all this, the husband cannot join, for that the suit as brought was not a reduction, nor an attempted reduction, to his possession, but a recognition of the wife's continuing right to the note and to its ·enforcement in her behalf as her separate property, and that therefore, being competent by statute, she must sue alone.

It is undoubtedly true, as said in *Driggs* v. *Abbott*, 27 Vt. 580, and *Bartlett and wife* v. *Boyd*, 34 Vt. 256, that the husband's joining his wife in the suit affords evidence of his election ·or intention to treat the note as her separate estate. But that act ·does not *take away* his right of reduction, nor estop him from thereafter exercising it by appropriating the avails of the judgment to his own use ; and what is said in the cases cited was not intended to go that far. Chancellor Kent says that if the suit is in the name of the husband and wife, and the husband ·dies before he reduces the property to possession, the wife, as survivor, takes the benefit of the recovery. 2 Kent Com. 137. It is said in *Perry* v. *Wheelock*, 49 Vt. 63, 67, that unless the husband does some positive act in regard to a judgment recov-·ered in the name of himself and wife of which she is the merito-rious cause of action, or in regard to the money received on such judgment, that clearly evinces a purpose on his part of depriving

Wright and Wife *v.* Burroughs.

his wife of the judgment or the avails of it and to make them his own, the law presumes the judgment and the avails of it to remain the property of the wife.

This is true as applicable to this case. See, also, *Crittenden and wife* v. *Alexander*, 15 Gray, 432.

Thus it appears that the joinder of the husband with the wife in a suit on her chose in action does not *deprive* him of his right of reduction to possession, but that he may still exercise the right if he will. It follows, therefore, that this husband has an interest in this note, growing out of his still-existing right to reduce to his possession the avails of it when realized, and hence he is a proper party plaintiff as the case is presented by the count filed since the former decision, by which it appears that the plaintiffs were husband and wife when the note was given, which was before the statute of 1884.

We find no error; but, that the defendant may replead, the

*Judgment in chief is reversed pro forma, with costs to the plaintiffs, and the cause remanded.*

Royce, Ch. J., dissents.